ELIJAH CARTER v. NICHOLAS LONGWORTH AND OTHERS.

Where a bill to redeem mortgaged premises charges that the mortgagor fraud-
ulently stood by and witnessed a purchaser from the mortgagee making
improvements, and concealed his lien, a demurrer to such bill can not be
sustained.

THIS was a suit in chancery, reserved for decision by the Su-
preme Court in Hamilton county.

The bill was filed in the court of common pleas, and set forth
that the plaintiff, some time in 1816, purchased of one William
Stewart, a certain lot of ground in Cincinnati, for the sum of *one
thousand five hundred* dollars, and received from Stewart a deed of
general warranty. At the time of the purchase, Stewart exhibited
to the plaintiff a deed for the lot, from Longworth to himself, and
assured the plaintiff that the purchase money was fully paid to
Longworth. At this time the plaintiff, Longworth, and Stewart
were residents of Cincinnati. The plaintiff, fully believing that the
purchase money had been paid to Longworth, erected a dwelling
house, and made other improvements upon the lot, to the value of *six
hundred* dollars. Longworth knew that these improvements were
making, yet *fraudulently concealed* from the plaintiff the fact, that,
at the time, he held a mortgage on the lot for *one thousand five
hundred and seventy-five* dollars, the whole amount of the purchase
money due from Stewart for the lot. Some time in 1818, after
these improvements were made, and before any steps were taken
to foreclose the mortgage, Longworth took possession of the lot,
and on Nobember 15, 1822, sold a part of it to the defendant, Jacob
Flagg, for *one thousand three hundred* dollars, and the residue to
one Matthew Vandusen, for *one thousand* dollars. Vandusen after-
ward relinquished his part to Longworth, who is still the owner.

*The defendants, Longworth and Flagg, continued in pos- [385
session and received the rents and profits, to the amount of *nine
hundred* dollars, until the year 1826, when Longworth sued out a
scire facias upon the mortgage, and upon the return of two *nihils*
recovered a judgment by default for the whole amount of the pur-
chase money, with interest, giving no credits for the rents and
profits. The plaintiff was not made party to the *scire facias*.

The bill charges that Longworth extended credit to Stew-

Carter *v.* Longworth.

art—gave him a deed for the lot, and thereby enabled him to defraud the plaintiff, by inducing him to believe that the lot was paid for, when, in fact, it was not. That the plaintiff is the only person injured in the premises, and that injury was sustained by the *fraud* and *combination* of Longworth and Stewart. The bill did not state the date of the deed from Longworth to Stewart, or of the mortgage; nor did it appear that either of them were ever recorded. It did not appear that the lot had been sold under the judgment upon the *scire facias.* The deed of the plaintiff was duly recorded. Stewart is insolvent and a non-resident.

The bill contained a prayer for redemption, account, and for general relief.

The defendants, Longworth and Flagg, demurred generally to the whole bill.

The defendant, Stewart, made no defense.

The court below sustained the demurrer, and the plaintiff appealed to this court.

The decision of the court rested upon other grounds than those argued by counsel.

LONGWORTH & WORTHINGTON, in support of the demurrer.

GAINES, contra.

By the COURT:

If the defendants are bound to answer any part of the bill, the demurrer, being entire to the whole bill, must be overruled. A demurrer, bad in part, is bad *in toto.* 1 Ves. 248; 1 Atk. 450; 2 Atk. 44; Mad. Ch. 226; 1 Johns. Ch. 51; 5 Johns. Ch. 186. (*a*)
386] *The main question intended to be presented by the demurrer, whether a *scire facias* binds subsequent incumbrances, need not be determined. The bill charges " a fraudulent concealment of title, while the complainant was making improvement." A demurrer to such charge of fraud is bad. In the case of Higingbothem *v.* Burnet, 5 Johns. Ch. 184, the bill charged that the party in interest stood by and saw great and costly improvements made upon the land, by persons claiming and believing themselves to be owners in fee, and never interposed any pretension of right or

(*a*) Contra, 2 Bibb, 484.

title. There was a demurrer to the whole bill, which was overruled, because the charge amounted to an imposition and fraud. Here the charge of fraud is direct and positive, and must be met otherwise than by a demurrer.

Demurrer overruled.