## Haines et al. *versus* Commonwealth.

1. At common law no bills of exception were permitted in criminal cases. The provisions of the statute of Westminster the Second, 13 Edward I., c. 31, with reference to bills of exception, have therefore, at common law, no application in such cases.

2. The right of the defendant in an indictment for any criminal charge, other than murder or voluntary manslaughter, to a bill of exceptions, rests solely on the provisions of the Act of May 19th 1874, Pamph. L. 219. By virtue of the provisions of the said Act the defendant is entitled to his bill of exceptions as in civil cases.

3. The provisions of the said act may be considered to extend the provisions of the statute of Westminster the Second, 13 Edward I., c. 31, to such cases.

4. The court is not bound, in such cases, as it is on indictments for homicide and voluntary manslaughter, to file the charge in writing, with answers to points, and the rulings on questions of evidence.

5. According to strict practice, exceptions should be presented and sealed in such cases, as they formerly were in civil cases, during the trial. And although the courts have relaxed their strictness in such cases, only requiring that the exception shall be taken, and noted at the time, there is nothing to prevent a return to the old strictness under the statute of Westminster the Second.

6. The courts may pass rules in criminal, as in civil cases, requiring a bill of exceptions to be presented and settled within a certain time after the trial. If not presented within such time, the court is not obliged to set its seal to such bill.

7. Such rules are intended as well for the protection of the judge, as of the Commonwealth, and cannot therefore be waived by the district attorney.

8. Where a writ is issued by the Supreme Court to a judge under the provisions of the statute of Westminster the Second, 13 Edward I., c. 31, commanding him either to confess or deny the matters therein set forth, and if he confess the same to set his seal to certain exceptions, the return made by the judge is conclusive, and cannot be contravened, whether the case be civil or criminal in its nature.

January 21st 1882.   Before Sharswood, C. J. Mercur, Gordon, Paxson, Trunkey, Sterrett, and Green, JJ.

In the Supreme Court of Pennsylvania.

Charles C. Haines, William F. Miskey, Jr., and Henry G. Clement, filed their petition, averring, inter alia, that upon the trial of a certain indictment in the Court of Quarter Sessions of the county of Philadelphia, before the Honorable Thomas K. Finletter, an associate justice of said court, wherein the petitioners were indicted for conspiracy, and were convicted and sentenced, the defendants, by their counsel, had taken certain excep-

[Haines v. Commonwealth.]

tions in writing to rulings and the charge of the court, which exceptions the said judge refused to seal; and praying this court "to award a writ conformably to the statute in such case made and provided (Statute Westm. 2d, 13 Edw. I. c. 31*) directed to the Honorable Thomas K. Finletter, commanding him to appear at a certain day, either to confess or deny the matters herein set forth, and if he confess the same to affix his seal to said exceptions, or to so much of the same as he shall so confess; and to award such other relief as by law the petitioners may be entitled to."

A writ was thereupon issued, by direction of the court, in the style following, to wit:—

"Eastern District of Pennsylvania, sct.

"The Commonwealth of Pennsylvania to Hon. Thomas K. Finletter. Greeting.

"Whereas, by statute, among other things, it is provided that in any suit before the justices, where an exception is taken, if the said justice, before whom the same is taken refuse to allow the same, and the party making the exception puts the same in writing and requires the justice to put his seal thereto, in testimony of the same, if he refuse so to put his seal, it shall be affixed as in said statute is set forth.

"And whereas, Charles C. Haines, William F. Miskey, Jr., and Henry G. Clement have filed their petition before the Justices of the Supreme Court of Pennsylvania, complaining that lately in a certain case in the Court of Quarter Sessions for the city and county of Philadelphia, to April Sessions, 1880, and No. 194, before you, the said Thomas K. Finletter, between the Commonwealth of Pennsylvania and the said Charles C. Haines, William F. Miskey, Jr., and Henry G. Clement, various exceptions were taken and alleged to certain rulings and your charge, and those exceptions have been put in writing, for that you refuse to allow the same, and have been repeatedly required and prayed to affix your seal to those

---

* The Statute of Westminster 2, provides as follows :

"When one that is impleaded before any of the justices doth allege an exception, praying that the justices will allow it, which if they will not allow, if he that alleged the exception do write the same exception and require that the justices will put to their seals for a witness, the justices shall so do, and if one will not, another of the company shall.

"And if the king upon complaint made of the justices cause the record to come before him and the same exception be not found in the role, and the plaintiff show the exception written with the seal of a justice put to, the justice shall be commanded that he appear at a certain day, either to confess or deny his seal, and if the justice cannot deny his seal they shall proceed to judgment according to the same exception, as it ought to be allowed or disallowed."

[Haines *v.* Commonwealth.]

exceptions according to the form of the aforesaid statute.  Yet so it is, that you have objected, and still do object and refuse to affix your seal to the aforesaid exceptions, to the grievous injury and manifest prejudice of the said Charles C. Haines, et al., and the said Charles C. Haines, et al., did pray said justices to provide a remedy for them.

"And because we are desirous that the aforesaid statute be strictly observed, and that justice be done to the said Charles C. Haines et al., in the premises, we command you that, if so it be, that on or before Saturday, the fourteenth day of January, 1882, you affix your seal to the aforesaid exceptions thus had before you, in the aforesaid suit by the aforesaid Charles C. Haines, et al., in writing, according to the form of statute aforesaid.  And herein fail not, under the penalty in such cases impending.

"Witness the Honorable GEORGE SHARSWOOD, Doctor of Laws, Chief Justice of our said Supreme Court, at Philadelphia, the ninth day of January, in the year of our Lord one thousand eight hundred and eighty-two, and of the Commonwealth the one hundred and sixth.

[SEAL.]          "CHARLES S. GREENE, Prothonotary."

Judge FINLETTER filed a return to the writ, to which return the petitioners, by leave of the court, filed exceptions, and they prayed leave, if the exceptions should be disallowed, to file a traverse and demand an issue.

The petition narrated the matters complained of, and contained, among other statements, the following:  The verdict was rendered February 9th 1881.  In accordance with the practice in Philadelphia county, although the several exceptions were demanded, taken and noted at the trial, no formal bills of exception were then drawn up, presented or sealed, but within ten days after the trial the petitioner's counsel prepared a full bill of exceptions and presented it to Judge FINLETTER, who indorsed it "Presented," with his signature, and returned it to petitioners' counsel, "stating when he did so, that he did not hold parties to a question of time."  Petitioners' counsel then left it with the district attorney for correction or approval, and after some correspondence and delay, counsel on both sides appeared in court before Judge FINLETTER on May 4th 1881, to settle the bill.  As to many of the exceptions counsel agreed; as to others they differed.  The judge replied: "Leave the matter with me, and I will dispose of it."  On the following day the judge refused to seal the bill, stating that it contained erasures and interlineations.  Petitioners' counsel then had the bill engrossed and sent the copy with the original to the district attorney for approval.  He retained it for a considerable

[Haines *v*. Commonwealth.]

period of time, during which petitioners' counsel wrote several times requesting him to return it.   Several appointments were also made during this period to meet the judge, but for various reasons no such meeting was held until November 23d 1881, when the engrossed bill was presented to Judge FINLETTER, who made the following indorsements thereon:—

" November 23d 1881, Lewis C. Cassidy, Esq., counsel for defendants, presents the within papers, as, and for, a bill of exceptions, and requests to have the same settled, and sealed.
" The Rules of Court are as follows:

" Rule 4th.   Bills of Exceptions.
" Section 4.   ' In every case where a bill of exceptions is tendered, the same shall be prepared in form, and presented to the judge within ten days after the verdict.'
" Section 5.   ' In every case of a bill of exceptions, it shall be the duty of the party presenting the bill, within twenty days thereafter, to have the same settled by the judge before whom the case was tried, on forty-eight hours' notice, with a copy of the bill served on the opposite party, otherwise the judge shall not be required to seal the same.'
" The verdict in this case was rendered by the jury, and entered of record February 9th 1881.
" It is manifest that this application is not made within the time prescribed by the rules of court.   No reason or excuse for this disregard of the rules of court has been assigned.   I, therefore, decline to examine, or seal, papers as a bill of exceptions.
" T. K. FINLETTER."

The bill of exceptions, together with the points submitted and answers thereto, was thereupon filed, so marked by the clerk, and entered on the minute book.

On December 7th 1881, the clerk was directed by the court to erase and cancel the entries of the filing of the said papers.

The petitioners' counsel, on November 28th 1881, filed their demand, and had also requested Judge FINLETTER, in writing, to file the notes taken by him on the trial, containing the exceptions made by the defendants from his rulings, together with his charge, as reduced to writing and delivered.

The petitioner's counsel had, prior to December 7th 1881, directed that the record should be made up, in order that they might inspect the same, and have the same amended, by the court, if necessary, before return thereof to the Supreme Court. On applying to the deputy clerk for said record, answer was made that the judges had had it taken before them, had certified to it, and had ordered it to be taken at once to the Supreme

[Haines *v.* Commonwealth.]

Court. As thus made up, the record was imperfect; and petitioners' counsel at once filed their affidavit, setting forth the defects in said record, and on said affidavit, Judge ELCOCK, granted a rule, December 6th 1881, to show cause why the clerk should not perfect the the record. After the entry of said rule, Judge FINLETTER asked the clerk why the record had not been sent to the Supreme Court. The clerk replied, that a rule was pending to show cause why the record should not be perfected. The judge then repeated his order, that it should be sent up at once. In obedience to this positive direction, the clerk caused said record to be returned to the Supreme Court, although the rule was pending to perfect the same.

Petitioners' counsel then demanded of the clerk, a certified copy of the entry on the minute book, dated November 23d 1881, of the filing of the bill of exceptions and points. This was refused in pursuance of the following order of the court:—

"And now, December 10th 1881, the clerk of this court having applied to the court for direction as to his duty in restoring the indorsements made by him authenticating certain papers left with him November 23d 1881 (to wit, a paper, purporting to be a bill of exceptions, with an indorsement thereon of the judge, declining to examine or seal it; another paper, purporting to be a bill of exceptions, indorsed by the judge as presented; and another paper, purporting to be the defendant's points for charge, with judge's answers thereto) as having been filed in his office, which indorsements have been since erased and cancelled by him, under the direction of this court. And also as to his (the said clerk's) duty in furnishing to said defendants a certified copy of an entry erroneously made upon the minute book of the said court (Book W. E. L. page 149) in reference to said papers. It is ordered,

"1. That the said papers are no part of the record of this court and were improperly marked filed, with the said clerk, and that the said indorsements, so cancelled, shall not be restored by him."

"2. That the said entry in said minute book was improvidently, and improperly made, and that inasmuch as it has been stricken off by the express order of the court, it is not a part of the judicial proceedings of this court, and it is the duty of the said clerk to refuse to give a copy thereof, or of the said order striking off the same, certified by him under the seal of this court.                                T. K. FINLETTER."

The petitioners then further alleged that the certificate on the back of the writ of error, returning said record, and the order to the clerk to send the record up to this court, and the

[Haines v. Commonwealth.]

order to erase the entries of filing, and the order to withhold a certified copy of said entries from the minute book, were all made by Judge FINLETTER when he was not holding a court of quarter sessions, nor assigned under the rules to hold such court. Further, that the said judge did not file the original bills of exceptions and charge as requested, but has retained them in his possession, and that he refused to seal the formal copy thereof, tendered to him for that purpose, which copy the petitioners annexed to their petition. The petitioners averred that the record, as returned to this court, was in these respects incomplete and deficient, and prayed for a writ under the statute of Westminster II., which was awarded as above.

Judge FINLETTER's answer or return to the writ set forth, in substance, as follows: Within ten days after the verdict was rendered, a bill of exceptions was presented to and indorsed by the respondent, but neither then nor at any other time did respondent say that he did not hold parties to a question of time, or anything from which that might be inferred. That respondent fixed several times for hearing the defendant's counsel, but that no application to seal the bill was made by them to him until May 4th, when the bill was presented to him for that purpose. That respondent then considered it his duty not to seal the bill; one of his reasons (in writing) being: "The bill of exceptions was not presented to me for settlement within the time prescribed by the rules of court. There may be such explanations of this delay as will satisfy me that I ought not to let it prevent me from signing a proper bill."

That after this, several times, in all twelve or fifteen, were fixed for meeting the defendants' counsel, at all of which respondent was present, but that no application was made until November 23d 1881, when certain papers were presented to him, which he refused to seal as a bill of exceptions. Respondent averred that he had no knowledge of any correspondence between the defendants' counsel and the district attorney in relation to those papers. Respondent further averred that the rule of court applicable in the case was adopted at a meeting of the Board of Judges, held December 28th 1874, by which the rules of the late District Court, as to bills of exception, were adopted as the rules of the Quarter Sessions and Oyer and Terminer, of which rules the defendants' counsel had notice; that the entries on the minute book were made by the clerk without authority, and subsequent, moreover, to the service on respondent of the writ of error, on November 22d 1881; and that twenty-seven of the thirty-two alleged exceptions were either not taken, or if taken, not noted; that only three were correctly stated; but that notwithstanding the lapse of time, respondent was ready to seal a true bill of exceptions.

[Haines *v.* Commonwealth.]   .

He would not, however, he averred, seal the one tendered by defendants' counsel, which contained, he alleged, sundry alterations from, and additions to, the first bill presented to him.

The respondent filed, as an additional answer, the printed rules of the court of Quarter Sessions.

The petitioners excepted to the return for the following reasons:—   .

Because the respondent had not sealed those exceptions which he admitted to be true.   Because the petitioners denied the legal existence of the Rules of Court relied on by respondent. Because the following averments were not answered, viz: that the papers admitted to have been presented in due time, were left with the district attorney for correction; that the district attorney's attention was repeatedly called to the subject to avoid allegations of delay; that he retained the engrossed bill until November, 1881; and that respondent directed the court clerk to return an incomplete record to the Supreme Court, though a rule was pending to show cause why said record should not be perfected.   Because the return did not confess or deny the bill of exceptions attached to the petition, but attempted to answer the assignments of error noted therein.   Because the answers of the respondent in his own writing to the points presented, returned to the Supreme Court with the record, advised the said court of the ambiguity of the return that "the exceptions are not truly stated in the petition," which return was, petitioners averred, insufficient, the writ commanding the respondent to confess or deny the same.

.The cause came on for argument upon the exceptions to the return, and also upon motion for leave to file a traverse to the return.

*F. Carroll Brewster* and *Lewis C. Cassidy* (*J. H. Heverin* with them), for the exceptants.—Mandamus is a special remedy which may always be invoked where there is a right and no specific remedy.   The writ provided by the Statute of Westminster 2d is mandamus, and both in England and in this country has been allowed in such cases as this: Buller's Nisi Prius, 315–16; 2 Coke's Institutes; High on Mandamus 158, § 201; Ex parte Crane, 5 Peters 190; Sikes *v.* Ransom, 6 Johns. 279; People *v.* Judges, 1 Caines (N. Y.) 511; Same *v.* Same, 2 Caines 97; Same *v.* Same, 2 Johns. Cas. 118; Same *v.* Same, 4 Cow. (N. Y.) 73; Tweed *v.* Davis, 47 How. Pr. (N. Y.) 162; Miller *v.* Koger, 9 Humphreys (Tenn.) 231; State *v.* Hall, 3 Coldwell (Tenn.) 255; People *v.* Baker, 35 Barb. 105; Ins. Co. of N. Y. *v.* Wilson, 8 Peters 291; Ex parte Bradstreet, 7 Peters 634; People *v.* Pearson, 2 Scammon (3 Ill.) 189.   The time of sealing bills of exception taken at the

[Haines v. Commonwealth.]

trial, is not material. Statutes and rules of court regulating the practice in this respect are directory merely: People v. Lee, 14 Cal. 510; Crowfut v. People, 19 Mich. 254; Strader v. Alexander, 9 Porter (Ala.) 441; Pool v. R. R. Co., 5 Ala. 237; Hixon v. Weaver, 9 Ark. 133; Stewart v. Bank, 11 S. & R. 267; Morris v. Buckley, 8 S. & R. 211; Burk v. McMullen, 4 Barr 317.

This court has original jurisdiction in cases of mandamus to courts of inferior jurisdiction: Const. of Penn. art. V. § 3.

The return to a mandamus must conform to the general rules of pleading, and exceptions may, according to our practice in Pennsylvania, be filed thereto. In Conrow v. Schloss, 5 P. F. Smith 41, counsel applied for leave to file a demurrer to the return, but, under direction of the court, presented exceptions thereto.

The return is defective in the following respects among others. It does not say specifically whether the exceptions, as set forth in the bill of exceptions, annexed to the petition, are or are not correct, but evasively states that certain statements thereof, as recited in the petition, are not literally true. The petition, as in Conrow v. Schloss, contains a narration of our complaint, in the nature of an assignment of errors, but the writ commands the respondent to confess or deny the *bills of exception*. It does not confess or deny our alleged exceptions to the charge; and to the refusal of our points. It admits that certain exceptions were taken, and that the same have not been signed. The ground of excuse is, that the bill was not presented in time, according to certain alleged rules of court, which, however, are not to be found in the published and certified rules.

The constitution gives the right to a writ of error in criminal cases to remove the record and *all proceedings*, to the Supreme Court for review (Art. V. § 24). This includes the charge, and the points presented, with the answers thereto. But the judge refused to file his charge (which he had written out in full), and directed the clerk to erase the entries of the filing of other parts of the proceeding, and himself directed the record to be removed to this court in an incomplete state. The correspondence submitted shows that the delay which occurred between the first presentation of the bill of exceptions, and its presentation after being agreed to by the district attorney, was caused, not by the petitioners, but by reason of the press of public business in the district attorney's office. Counsel on both sides having settled the bill, there remained nothing for the judge to do but to seal it. It is the first time that a judge in Pennsylvania has refused to seal a bill of exceptions in a criminal case on a technical question of time. The charge alone, if filed, will show sufficient grounds of reversal.

[Haines *v.* Commonwealth.]

As to our right to file a traverse to the return. It is said that, under Drexel *v.* Man, 6 W. & S. 397, and Conrow *v.* Schloss, 5 P. F. Smith, 28, our only remedy is an action for a false return. But both those cases were civil cases : the remedy there may be adequate ; the defendant is free to sue, his damages may be measured. But there is no analogy in a criminal case. Of what advantage to a prisoner in jail is the right to sue for a false return ? Why shall not an issue be granted ? Because a fallible man is invested with the office of judge, shall other citizens be deprived of liberty by his mistaken or willfully erroneous acts, without a remedy ? The right to traverse returns to mandamus is expressly given by the Act of June 14th 1836, §§ 21, 25, Purd. Dig. 990, pl. 4, 8. Proceedings on mandamus are assimilated to those in common law actions. The return should be verified by affidavit (Lamb *v.* Lynd, 44 Pa. St. 336), and the right to sue for a false return does not exclude the right to a traverse and an issue. See High on Mandamus, 327, 328, § 458.

*Wm. A. Porter* and *Henry M. Phillips*, for the respondent.—It is a sufficient answer to the writ to say that the bill of exceptions which was tendered, was not correct, and was not tendered and settled in accordance with the rules of court, and the respondent, therefore, refused to seal it.

So far as this court is concerned, if the judge of the court below denies matters of fact alleged in the petition, the return must be taken as verity. The only remedy is an action for a false return. There is no right to traverse ; and to send an issue to another county for a jury to try whether a judge has told a deliberate falsehood, would be indecent and not to be tolerated. We deny the proposition that when counsel have agreed to a bill of exceptions, the judge is bound to seal it. We submit that the petition should be dismissed, and the petitioners be remitted to obtain what they can, by the favor of the court below, or otherwise.

Chief Justice SHARSWOOD delivered the opinion of the court, February 6th 1882.

A writ has been issued in this case in accordance with the provisions of the statute of Westminster, 13 Edw. I., c. 31 (Roberts' Dig. 92), to THOMAS K. FINLETTER, one of the judges of the Court of Quarter Sessions of Philadelphia county, founded upon the complaint of the plaintiffs in error, that on the trial before him various exceptions were taken and alleged to certain of his rulings, and to his charge, and that he had refused to affix his seal to those exceptions, commanding him to affix his seal thereto. To this writ Judge FINLETTER has filed an answer.

It is beyond all question that the statute of Westminster was never held to apply to proceedings in criminal courts. In Middleton v. Commonwealth, 2 Watts 285, it was decided by this court that when the judge had actually sealed the bill it would not be considered. Gibson, C. J., said: "It is not pretended that the judges were bound to seal these bills of exceptions, but it is said that as they have voluntarily done so, we are bound to inspect the matter supposed to be thus put on the record. But the statute sanctions nothing which it does not enjoin; and as it has been held in Sir Harry Vane's case according to the report of it in 1 Levinz 68 and Kelynge 18, to be inapplicable to any criminal matter whatever, the case before us stands precisely as it would have stood before the statute." The same thing was decided in Schœppe v. Commonwealth, 15 P. F. Smith 51. At common law no bills of exception were permitted in criminal cases, nor did the evidence, rulings and charge of the court form any part of the record: Ibid. It is clear, then, that the right to a bill of exceptions depends entirely upon the Acts of Assembly. The Legislature, on the 6th day of November 1856 (Pamph. L. 1857, Appendix 795), passed "An Act allowing bills of exceptions and writs of error in criminal cases." The provisions of this Act were incorporated with the Criminal Procedure Act of March 31st 1860, Pamph. L. 440. As, however, they are confined to trials on any indictment for murder or voluntary manslaughter, they are inapplicable to the case now before us. They provide that the defendant " may except to any decision of the court upon any point of evidence or law, which exception shall be noted by the court and filed of record as in civil cases:" § 57. And also that the court may be required to give an opinion upon any point submitted, and stated in writing, " which point and answer shall be filed with the records of the case." On the 19th day of May 1874, was passed the Act entitled " An Act to provide for review in the Supreme Court in criminal cases," Pamph. L. 219. After providing " that on the trial of all cases of felonious homicide, and in all such other criminal cases as are exclusively triable and punishable in the courts of Oyer and Terminer and general jail delivery, exception to any decision of the court may be made by the defendant, and a bill thereof shall be sealed in the same manner as is provided and practiced in civil cases," and " in all other criminal cases exceptions as aforesaid may be taken." This is all the legislation on the subject, and it is clear that a marked difference is made between cases of homicide and voluntary manslaughter and other cases. In the former, the court is bound to file of record its rulings upon points of evidence or law, and also its answers to points submitted. In all other criminal trials exceptions may be taken as in civil cases. This

may be considered as extending the statute of Westminster to this class of proceedings. The court is not bound to file the charge in writing, or the answers to points, or the rulings on questions of evidence. In all these matters the defendant is remitted to his bills of exceptions. In strictness these ought to be presented and sealed during the trial, and such was formerly the practice in civil cases.

The courts, however, have relaxed this strictness, and all that is required now is that the exception should be taken, and noted at the time: Stewart *v.* Huntingdon Bank, 11 Serg. & R. 267. There is nothing in any Act of Assembly, to prevent the courts from returning to the old strictness under the statute of Westminister. But it is very plain, that this new practice required to be regulated by rules of court, and a reasonable time fixed within which the court should be called on to seal the bill. It ought to be within such time, as that the matter may be still fresh in the recollection of the court. Accordingly, the civil courts have generally adopted rules to the effect that the bill should be presented to the court within a certain period, and finally settled and sealed within a defined time thereafter.

There is no reason why criminal courts should not adopt the same rules. Indeed, it may well be doubted whether under the general and comprehensive terms of the Act of 1874 these rules in civil cases would not be applicable. However, it is unnecessary to decide that question here, as it appears by the answer of the respondent with a copy of the record, that they have been expressly adopted by the judges for the courts of Oyer and Terminer and Quarter Sessions of Philadelphia county. They ought certainly to be enforced. It is a mistake to suppose that they can be waived by the district attorney for the Commonwealth. They are intended for the protection of the judge, as well as for the Commonwealth. The idea put forth in the oral argument, that where the parties have agreed to a bill of exceptions, the court is bound to seal it, is certainly something new under the sun. The answer shows clearly that whatever the district attorney may have done, the respondent never waived his right to insist upon the enforcement of the rule. When he was first requested to fix a time for settling the bill, which was long after the time prescribed by the rule had expired, he raised the objection, but fixed a subsequent time to hear the application. At the time fixed he was in court, as also the district attorney and two of the defendant's counsel, but no application was made. Other times were appointed, but the bill was not presented until several weeks after, when he refused distinctly on the ground that it was not presented for settlement in time, and gave his reasons in writing, but added, "there may be such explanations of this delay as will satisfy

me that I ought not to let it prevent me from signing a proper bill." He afterwards fixed several times, but no application was made until November 23d, nine months after the trial, when a paper was presented to be settled which had not indorsed any note signed by him to show that it had ever been presented. He very properly then refused to seal the bill. A bill of exceptions must be settled within the specified time or it will be disregarded: Kirkpatrick v. Lex, 13 Wright 122.

Nothing further need be added. There can be no traverse of the respondent's return: Conrow v. Schloss, 5 P. F. Smith 29. If there exist any reasons why this rule should not apply in criminal cases it is for the legislature to annul it, and provide a remedy. It is very evident that we have no power to order the respondent to file his charge, or his answers to the points, or his notes of testimony.

It is ordered that the respondent go, without day.