## W. C. F. REICHENBACH ET AL. v. MARY G. RUDDACH.

PETITION FOR A MANDAMUS, UNDER STATUTE OF WESTMIN-STER II., (13 EWD. I., C. 31).

Argued January 21, 1888—Decided October 1, 1888.

1. Where a bill of exceptions has been presented for settlement within the time prescribed, and the opposing counsel has a report of the trial taken by the stenographer appointed by both parties, upon which report so taken all the negotiations for a settlement were based, without intimation given that the counsel would not regard the copy in his possession as a copy of the bill, until it is too late, he will be held to have waived a strict compliance with the rule requiring forty-eight hours notice, with a copy of the bill, before the judge shall be required to seal the same.

2. To an alternative writ under the statute of Westminster II., commanding a bill of exceptions to be sealed, a return by the judge averred that said bill " is not a true bill of exceptions, and does not state the exceptions in manner and form as they were taken upon the case: " *Held*, bad for uncertainty, in that it was not stated in what respect the exceptions were deficient.

Before GORDON, C. J., PAXSON, STERRETT, CLARK and WILLIAMS, JJ.; TRUNKEY and GREEN, JJ., absent.

No. 150 July Term 1887, Sup. Ct.; court below, No. 490 December Term 1885, C. P. No. 1.

On June 17, 1887, the petition of W. C. F. Reichenbach and George J. Ruddach was filed in the Supreme Court, setting forth in substance:

That on February 9, 1887, the trial of an issue devisavit vel non, directed by the register of wills in proceedings for the probate of the will of William H. Ruddach, deceased, was called

for trial in the Court of Common Pleas No. 1 of Philadelphia county, before BIDDLE, J., in which issue the parties were, Mary G. Ruddach, executor of said will, plaintiff, and W. C. F. Reichenbach, George J. Ruddach and others, defendants, the several defendants being represented by separate counsel; that before the trial it was agreed in writing by all the counsel concerned that, as in that court there was no official stenographer, the testimony should be taken by a stenographer employed at the cost of the decedent's estate, a long-hand copy to be furnished to the court and another to the counsel on each side; that under this arrangement the testimony, the exceptions noted to the rulings on the admission and rejection of testimony, the charge to the jury, the answers to both plaintiff's and defendants' points, with the exceptions thereto, were duly taken and copies furnished to the court and counsel on each side on the day after the termination of the trial on March 4, 1887, when a verdict was rendered in favor of the plaintiff in the issue.

That at the close of the trial a bill of exceptions on behalf of all the counsel for the defendants was prepared, and was composed of the stenographer's copy of the testimony, rulings, charge and answers to points, with the exceptions thereto, taken and furnished as aforesaid, bound as a book and making about 1500 pages of type-writing; that on March 11, 1887, one of the counsel for the defendants appeared in open court with the counsel for the plaintiff, when a disagreement occurred as to how certain exceptions should be sealed in the absence of another of defendants' counsel, when the bill was marked, "Presented, March 11, 1887, CRAIG BIDDLE, J."; that on the same day a note was received from the plaintiff's counsel stating that the testimony of Magistrate Collins was not included in the stenographer's report, which testimony had been read from the testimony taken before the register and had not been copied into the report at length; that on March 29, 1887, the said testimony having been copied out at length into the report, the plaintiff's counsel was notified that the bill would be sealed the following morning at ten o'clock, but he replied by letter that under the rules of court he would insist on a copy of the bill and forty-eight hours notice of the sealing of it; that on the same day a notice was given the plaintiff's counsel that the bill would be sealed at the residence of BIDDLE, J., on March 31,

Statement of Facts.

1887, at 5:55 P. M.; that on the date last mentioned, the counsel met at the time and place appointed, when a full and complete copy of the bill of exceptions was tendered which the plaintiff's counsel declined to accept, insisting that he was entitled to have a copy forty-eight hours before, and it was then too late, whereupon, the plaintiff's counsel insisting upon his objection, the judge refused to sign and seal the bill then and there presented; that on June 16, 1887, a writ of error had been taken by the petitioners in the said cause praying, etc.

Under the prayer of the petitioners the court on November 4, 1887, awarded an alternative writ in accordance with the provisions of the statute of Westminster II., 13 Edw. I., c. 31.* A copy of the bill of exceptions with the writ issued having been served, BIDDLE, J., made a return thereto which in its material parts was as follows:

That for many years prior to said trial, at that time, and always since then, the rules of said Court of Common Pleas No. 1 have provided, inter alia, as follows:

§ 5. All agreements of attorneys touching the business of the court shall be in writing; otherwise they shall be considered as of no validity.

§ 33. In every case where a bill of exceptions is tendered, the same shall be prepared in form, and presented to the judge within ten days after the verdict.

§ 35. In every case of a bill of exceptions, it shall be the duty of the party presenting the bill, within twenty days thereafter, to have the same settled by the judge before whom the case was tried, on forty-eight hours' notice, with a copy of the

---

* When one that is impleaded before any of the justices doth allege an exception, praying that the justices will allow it, which if they will not allow, if he that alleged the exception do write the same exception, and require that the justices will put to their seals for a witness, the justices shall so do; and if one will not, another of the company shall. And if the king, upon complaint made of the justices, cause the record to come before him, and the same exception be not found in the roll, and the plaintiff show the exception written, with the seal of a justice put to, the justice shall be commanded that he appear at a certain day, either to confess or deny his seal. And if the justice cannot deny his seal, they shall proceed to judgment according to the same exception, as it ought to be allowed or disallowed: 13 Edw. I., c. 31, Robert's Dig. 93*. For the form of a writ used, see Haines v. Commonwealth, 99 Pa. 410.

bill served on the opposite party ; otherwise the judge shall not be required to seal the same.

§ 123. All notices shall be in writing.

· · · · · · · · ·

That on March 11, 1887, Bradbury Bedell, Esq., one of the counsel for plaintiffs in error, presented to this respondent a book alleged to be a bill of exceptions, and this respondent was requested to affix his seal thereto ; but said alleged bill of exceptions was confessedly incorrect and incomplete, and the request to seal the same was withdrawn by Mr. Bedell, and at his request the same was marked, in accordance with § 33 of the rules of court aforesaid, as follows : " Presented March 11, 1887. CRAIG BIDDLE, J." No agreement of any kind was made in relation thereto, either by this respondent, or by counsel for defendant in error, in this respondent's presence or with this respondent's knowledge.

That on March 31, 1887, the parties by their attorneys appeared at the residence of respondent, 2033 Pine street. Up to that time no copy of the alleged bill of exceptions, or of the exceptions themselves, had ever been given to counsel for defendant in error.

Mr. Bedell, of counsel for plaintiffs in error, then and there requested this respondent to seal said alleged bill of exceptions, but counsel for defendant in error objected, because he had not received a copy thereof, and had had no opportunity to examine the original, notwithstanding the rules of court as aforesaid, and notwithstanding the fact that he had twice written to counsel for plaintiffs in error calling their attention to said rules of court. Counsel for plaintiffs in error denied that they had received more than one such letter. . . . . .

Mr. Bedell then stated that counsel for defendant in error had examined the alleged bill of exceptions, and had agreed thereto with the single change that the exceptions to the charge of the court should be sealed as exceptions for Mr. Ashhurst, instead of exceptions for defendants as prepared by him, Mr. Bedell ; and that counsel for defendant in error had subsequently agreed to the same thing in the presence of this respondent. This was denied by counsel for defendant in error, who asserted that he had had no opportunity to examine said alleged bill of exceptions, and had not examined it, and that

he had made no agreement of any kind in relation thereto. Said alleged agreements of counsel not being in writing, this respondent, under the rules of court as aforesaid, was obliged to consider the same as of no validity.

As a matter of fact, no such agreement was made in the presence of this respondent.

Counsel for plaintiffs in error then tendered to counsel for defendant in error an alleged copy of said alleged bill of exceptions, to be used in the then present sealing of the bill; but counsel for defendant in error refused to receive the same for that purpose, because not in compliance with the rules of court aforesaid.

It was admitted at that time by all of the counsel for plaintiffs in error then present, to wit, Mr. Ashhurst, Mr. Bedell, Mr. Wakeling, and Mr. Hepburn, that there had been a failure on their part to comply with the rules of court as aforesaid; and, counsel for defendant in error insisting upon a compliance therewith, this respondent declined to seal said alleged bill of exceptions. . . . . .

That as to the other alleged agreements between counsel, in said petition set forth, this respondent has no personal knowledge of the same, and they were and are denied by counsel for defendant in error, and are not in writing, and must, therefore, under the rules of court as aforesaid, and under Rule VIII., of your Honor's court, be considered of no validity.

And this respondent further showeth to your Honors that he had no opportunity to examine such alleged bill of exceptions, until after the service of this writ upon him, when there was served upon him a copy of said alleged bill of exceptions, in which copy it is stated, among other things, that certain exceptions, seventeen in number, were taken by the defendants to the charge and rulings of this respondent, which were never taken by them in manner and form as therein set forth, nor were they noted or stated as so taken in the copies furnished by the stenographer as aforesaid. That said alleged bill of exceptions is, in this respect, in precisely the form in which it was on March 11, 1887, when it was presented to this respondent, as hereinbefore set forth, and he declined to seal the same because it did not correctly recite the facts. And this respondent avers that it is not a true bill of exceptions, and does not state the exceptions

in manner and form as they were taken upon the trial of the cause. . . . . .

Respondent respectfully submits that an order should be entered by your Honors that this respondent go without day.

To this return various exceptions were filed by the petitioners, in substance that it was vague and uncertain in its several averments, irregular and insufficient.

*Mr. Richard L. Ashhurst* and *Mr. F. Carroll Brewster* (with them *Mr. Bradbury Bedell*), for the exceptants:

1. There is no great mystery about the statute of Westminster II., or the practice under it. The writ issued originally out of chancery, and subsequently, as in Bridgman v. Holt, Show. P. C. 115, from the House of Lords, in the name of the king. It differed from a mandamus only in that a mandamus issued from the Court of Kings Bench to inferior tribunals, while this writ, being addressed to a judge of one of the higher courts, issued either from the Court of Chancery, or from the king himself in parliament: Buller, N. P. 315–6. It is a writ of mandamus, in effect: Ex parte Crane, 5 Pet. 190 ; Sikes v. Ransom, 6 Johns. 279. It has been erroneously supposed that a return under the statute was conclusive; but this was the case in every proceeding in mandamus, as well as in the special mandamus under this statute, until the statute of 9 Anne, providing the right to traverse the return in certain cases: Bacon's Abr., Mandamus K ; Green v. Pope, 1 Lord Raym. 125 ; Buckley v. Palmer, 7 Salk. 430 ; Bridgman v. Holt, Show. P. C. 122. Hence, the proceedings are almost identical; but, as the statute of 9 Anne did not apply to proceedings under the statute of Westminster II., to compel the sealing of a bill of exceptions, this proceeding has remained as at common law, the return not being traversable but liable to be falsified by an action for a false return.

2. From the circumstance that the return could not be traversed, arose the rule, that the greatest possible certainty was required in a return, not merely certainty to a common intent, or certainty to a certain intent in general, but certainty to the greatest possible intent; or, as it is sometimes called, certainty to a certain intent in every particular: King v. Mayor, 1 Lord Raym. 559: Bacon's Abr. Mandamus 1, K;

Rex v. Liverpool, 2 Burr. 731; Tapping on Mandamus, 393; Harwood v. Marshall, 10 Md. 452. Therefore, in the case in hand, the return must be scrutinized under the rules of certainty laid down by the old cases.

3. When the court awarded the alternative writ, it determined that the facts set forth in the petition incorporated therein were true, and that the petitioners were therefore presumably entitled to the relief sought: Levy v. English, 4 Ark. 65; Springfield v. Commissioners, 10 Pick. 59; Commonwealth v. Commissioners, 37 Pa. 277. The return admits the agreement between the counsel, prior to the trial, that the testimony, rulings and charges, should be taken by the stenographer employed, who should furnish a daily copy to the court, and that this was done; but it avers that the respondent was not a party to the agreement, and that the copy given him did not contain all the testimony, rulings, charges and exceptions incident to the case. Yet, it must be borne in mind that the refusal to seal the bill, was not for any privilege or right of the respondent, but because the respondent sustained an alleged right of the plaintiff below. Practically it would be impossible to try a case of this kind, occupying several weeks, without some such agreement. In Conrow v. Schloss, 55 Pa. 28, a return was made that under the rules of court no general exceptions to the whole of the charge should be allowed, that all the alleged exceptions came within the prohibitions of the rules and the petitioners had no right to the sealing of the bill. This court ordered the judge to seal the bill, notwithstanding.

4. The part of the return stating that "seventeen certain exceptions mentioned in said bill were not taken in manner and form as therein set forth, and failing this, the respondent avers it is not a true bill of exceptions, and does not state the exceptions in manner and form as they were taken at the trial of the cause," is clearly bad for vagueness and uncertainty: 1 Daniel Ch. Pr. 740; Rex v. Malden, 2 Salk. 431; Rex v. Liverpool, 2 Burr. 731; Brosius v. Reuter, 1 Har. & J. 557 (2 Amer. D. 534); Harwood v. Marshall, 10 Md. 452; Green v. A. M. E. Soc., 1 S. & R. 254; Commonwealth v. Commissioners, 37 Pa. 281; Commonwealth v. Allegheny County, 32 Pa. 218; Commonwealth v. Pittsburgh, 34 Pa. 496; High on Mandamus,

§§ 467, 470, 474. There is no denial of the averment that the stenographer's notes made a complete copy of the bill of exceptions, with the addition of copies of the exhibits and of Magistrate Collins' testimony; and there is no allegation that the bill does not truly set out all the testimony, exhibits, charges and rulings, with the exceptions noted at the time. A judge is not privileged to reject a bill which properly presents the case: Etheridge v. Hall, 7 Port. 47; High on Mandamus, §§ 202, 210.

*Mr. Alex. Simpson, Jr.*, for the respondent:

1. The court below has full power to adopt rules of practice on the subjects treated of: Vanatta v. Anderson, 3 Binn. 423; Snyder v. Bauchman, 8 S. & R. 340; § 21, act June 16, 1836, P. L. 792; § 6, act March 11, 1836, P. L. 77; Odenheimer v. Stokes, 5 W. & S. 178; § 2, act May 24, 1878, P. L. 135; Barry v. Randolph, 3 Binn. 279; Mylin's Est., 7 W. 65; Lehman v. Howley, 95 Pa. 299. The rules adopted as to sealing bills of exceptions were reasonable : Haines v. Commonwealth, 99 Pa. 410; Vanatta v. Anderson, 3 Binn. 423; Kirkpatrick v. Lex, 49 Pa. 123. These rules were properly interpreted: Erwin v. Leibert, 5 W. & S. 105; Coleman v. Nantz, 63 Pa. 181; Jonestown Road, 1 P. & W. 244; Dailey v. Green, 15 Pa. 128; Wickersham v. Russell, 51 Pa. 71; Frank v. Colhoun, 59 Pa. 381; Gannon v. Fritz, 79 Pa. 303; Peck's App., 11 W. N. 31.

2. It is admitted in the petition and averred in the answer that the rules have not been complied with. The answer positively avers that " no copy of the alleged bill of exceptions, or of the exceptions themselves, had ever been given to counsel for " the plaintiff below. And there is no pretence in the petition that they have been waived by the respondent, and that alone would make any other waiver of no moment: Haines v. Commonwealth, 99 Pa. 420; Kirkpatrick v. Lex, 49 Pa. 123. Strict compliance with the rules is requisite: Snyder v. Bauchman, 8 S. & R. 339; McClurg v. Willard, 5 W. 278; Sullivan v. Johns, 5 Wh. 369; Rentzheimer v. Bush, 2 Pa. 88; Alexander v. Alexander, 5 Pa. 279; Finlay v. Stewart, 56 Pa. 193.

3. Moreover, the answer avers " that it is not a true bill of exceptions, and does not state the exceptions in manner and

form as they were taken upon the trial of the cause." This alone is fatal to the present application. " The proper remedy is a writ specially framed on the statute Westminster II., and accordingly we find a form for it in the Register, p. 182, setting forth the circumstances of the case, and commanding the judges, if they be true, to affix their seals to the bill. If they return that they are untrue, the Superior Court proceeds no further:" Drexel v. Man, 6 W. & S. 397; Conrow v. Schloss, 55 Pa. 43; Haines v. Commonwealth, 99 Pa. 410.

OPINION, MR. JUSTICE PAXSON:

A writ has been issued in this case in accordance with the provisions of the statute of Westminster, 13 Edw. 1, c. 31; Robert's Dig. 92, to Hon. CRAIG BIDDLE, one of the judges of the Court of Common Pleas No. 1 for the county of Philadelphia, founded upon the complaint of the plaintiffs in error, that on the trial before him various exceptions were taken and alleged to certain of his rulings, and that he had refused to affix his seal to those exceptions, commanding him to affix his seal thereto. To this writ Judge BIDDLE has filed an answer.

There is this marked difference between Haines v. Commonwealth, 99 Pa. 410, and the case in hand. In Haines v. Commonwealth no application was made to the judge to seal the bill until nine months had passed, and then a paper was presented to be sealed which had not indorsed thereon any note signed by him to show that it had ever been presented. The judge then refused to seal the bill notwithstanding the district attorney assented to its correctness and was entirely willing it should be sealed. The learned judge refused to seal, because the bill was not settled according to rule, and in this he was legally right, this court holding that the rules of court are as much for the protection of the court as for the parties. In the present case the bill was presented for settlement within the time prescribed by the rules of court, and it is manifest the learned judge refused to seal mainly, if not wholly, by reason of the objection made by counsel for the defendant in error, that he had not been served with a copy of the bill forty-eight hours before the time fixed for sealing. So far as the objection of counsel is concerned, if such objection is without merit, it is no reason why the learned judge should not seal a bill.

The trial of the case below occupied over three weeks. It is stated and not denied that the testimony, rulings, charge of the court, and exceptions embrace over fifteen hundred type-written pages. As the Court of Common Pleas No. 1 had never employed a stenographer as authorized by statute, the parties to the suit employed Mr. Wilson, who was the official stenographer of the Orphans' Court and register of wills, to take the testimony and charge of the court in the said case; it was agreed that three copies thereof be made, one for the court, one for counsel for plaintiff, and one for counsel for defendants. This was done, and within a day after the trial the court and the counsel were furnished with copies of the stenographer's notes.

The bill was presented within ten days and was so marked by the judge. The rules of court bearing upon this case are as follows:

Sect. 35. In every case of a bill of exceptions, it shall be the duty of the party presenting the bill, within twenty days thereafter, to have the same settled by the judge, before whom the case was tried, on forty-eight hours' notice, with a copy of the bill served on the opposite party; otherwise the judge shall not be required to seal the same.

Sect. 123. All notices shall be in writing.

Various interviews and negotiations took place between the respective counsel in regard to settling the bill. On March 11, 1887, the counsel for defendant in error addressed a note to the counsel for the plaintiffs in error saying: "The testimony of Magistrate Collins is not included in the stenographer's report. It should be in your bill of exceptions." Just why it should be in the bill of exceptions does not appear. The exceptions do not refer to it. Notwithstanding this, the testimony referred to was immediately sent to the counsel for the defendant in error. During all these conferences and negotiations no reference was made to, or a demand for, a copy of the bill, until the 29th of March, and until notice that application would be made to Judge BIDDLE to seal the bill on the 31st of March. It was then an impossibility to prepare a copy of a bill containing so large an amount of matter, and serve it forty-eight hours before the time fixed for sealing. The counsel for the plaintiffs in error did, however, prepare and serve a copy, but not within

the time prescribed by the rules of court. When the counsel met at Judge BIDDLE's house for the purpose of having the bill settled and sealed, the objection was made, as before stated, by counsel for the defendant in error, that the rule of court requiring a copy to be served forty-eight hours had not been complied with. The learned judge, deeming the objection well taken, refused to seal the bill.

As the case is now presented to us, the objection referred to has about it the flavor of sharp practice. The counsel for the defendant in error had in his possession the stenographic report of the trial, taken by the stenographer appointed by both parties; to serve an additional copy thereof upon him could give him no possible information. It was upon this copy so taken that all the negotiations looking to a settlement of the bill were based, and no intimation was given that defendant in error's counsel would not regard the copy in his possession as a copy of the bill, until it was too late to comply with the rule of court. The testimony of Magistrate Collins was sent as part of the bill of exceptions, and received by the attorney for defendant in error as such. The latter could not have failed to see that counsel on the other side were relying upon the copy furnished by the stenographer, and his call for the testimony of Magistrate Collins was at least an implied recognition of such copy. The conduct of the counsel for the defendant in error was evidently calculated to mislead the other side, and we must regard it as a waiver of a strict compliance with the rule of court. We take back nothing that was said in Haines v. Commonwealth in regard to a strict observance of those rules, but said rules were intended to further the administration of justice, and not to defeat it.

The learned judge further returns and avers that said bill "is not a true bill of exceptions and does not state the exceptions in manner and form as they were taken upon the case." This return, under all the authorities, is bad for uncertainty. It is sufficient to refer to Commonwealth v. Commissioners, 37 Pa. 277; Rex v. Liverpool, 2 Burr. 731; Rex v. Malden, 2 Salk. 431. The return must not be in mere general terms, without alleging specifically the facts relied upon. The return does not state in what respect the exceptions are deficient. Most of them are exceptions to answers to points about which

there could seem to be little difficulty. The return that they were not taken in "manner and form" as stated, throws no light whatever upon it. It is true that the power of determining in this proceeding whether the particular bill of exceptions tendered is or is not true, rests exclusively with the judge before whom the cause was tried, and to whom the writ is directed: State v. Todd, 4 Ohio 351; People v. Jameson, 40 Ill. 96; State v. Noggle, 13 Wis. 380. And where the return alleges that the respondent is willing to sign a true bill, but alleges that the bill presented is not true, a peremptory writ will not be awarded: Creager v. Meeker, 22 Ohio 207. Yet a judge is not privileged to reject a bill which properly presents the case. And a return to the alternative writ, which alleges that the relator had no authority to compel the respondent to sign the bill, since he himself must be the judge of the correctness of the exceptions, is insufficient, where it fails to show that the bill as presented did not state the facts truly, or that the exceptions were not taken in the proper manner and at the proper time: Etheridge v. Hall, 7 Port. 47; High on Mandamus, §§ 202, 210.

The learned judge below did not refuse to seal this bill by reason of any personal right or privilege of his own. I am quite sure he would not deny a litigant a bill of exceptions for any such reason. But his refusal seems to be based upon a supposed right of the counsel for the defendant in error to object for the reason that a copy of the bill had not been served upon him within the time required by the rule of court. We have already said that under the circumstances of this case, we are of opinion the objection referred to was not well taken. We think it his duty to settle and seal this bill now, precisely as if such objection had not been made. It is for him to say what exceptions were properly taken.

The writ we issued was preliminary and alternative. The peremptory writ is now awarded, but we have no doubt the learned judge will promptly seal a bill after this expression of opinion by this court, in which case a further writ will be unnecessary.