HARTZELL *against* REISS.

IN ERROR.

THIS was a writ of error to the Common Pleas of *North-ampton* county.

On the 12th of *November* 1793, *Hartzell*, as sheriff of *North-ampton* county, sold a tract of land which was purchased by *Reiss*, who paid him part in cash, and for the residue gave his bill penal with a warrant of attorney. Judgment was confessed on the 26th of *August* 1795. A *scire facias* to revive the judgment was brought to *April* Term 1803, to which *Reiss* appeared, and pleaded payment with leave to give the special matter in evidence. The cause was continued until *March* 1806, when a motion was made on behalf of the defendant to open the judgment, for the purpose of letting in a defence, and in the mean time to stay proceedings on the *scire facias*. This motion was refused by the court. The *scire facias* accordingly came on for trial in *August* 1806, when agreeably to notice the defendant offered one of the witnesses to the penal bill, to prove that, previous to its execution, it was mentioned by both parties that the above mentioned tract of land was subject to a mortgage to one *James Williams*, and that the bill was to be given only to secure the payment of that mortgage; that *Hartzell* at that time declared, that whenever *Reiss* should pay off the mortgage, he would cancel the bill; that upon this assurance, *Reiss* executed it, and that on the 30th *April* 1802, *Reiss* had been compelled to pay the mortgage to *Williams*. To this evidence the plaintiff's counsel objected, but the court overruled the objection; whereupon a bill of exceptions was tendered and sealed, which was now brought up by the writ of error.

*Sitgreaves* and *Ingersoll* for the plaintiff insisted that the evidence was inadmissible upon this principle, that the defendant cannot plead any matter to a *scire facias* on a judgment, which he might have pleaded to the original action; 2 *Tidd's Practice* 1046; and that its being a judgment by confession did not affect the principle. *Middleton* v. *Hill* (a). In *Bush* v. *Gower* (b) which was a *scire facias* on a judgment by warrant

(a) *Cro. El.* 588.    (b) *Cas. Temp. Hardw.* 223.

VOL. I.    2 O

*Marginal note:* Under the plea of payment to a *scire facias* to revive a judgment, the defendant may give in evidence, that when he executed the bond and warrant, upon which the judgment was confessed, the plaintiff promised to cancel it upon an event which has occurred since the judgment.

1808.

HARTZELL
v.
REISS.

of attorney, to which the defendant pleaded the statute of usury, *Hawkins* for the defendant relied on that ground, and said that the reason why the plea was refused in *Middleton* v. *Hill*, was because it might have been pleaded before the judgment; but the defendant in his case had never had an opportunity to plead it. Lord *Hardwicke* however said, that the true way was to move the court to set aside the judgment, but that the plea could not be maintained. So in *Cooke* v. *Jones* (*a*), where the court had granted a rule *nisi* to vacate a judgment confessed, and to stay proceedings on the *scire facias*, upon an allegation that the consideration upon which the warrant of attorney was obtained was usurious, Lord *Mansfield* said, " the defendant " is without relief unless the court interposes; he can plead " nothing in bar of the *scire facias*, which he might have " pleaded in the original action;" and the court, therefore, ordered the rule to be enlarged, and an issue to try whether the contract was usurious. Here the evidence went to shew that nothing was ever due on the bond, and it would of course have been competent to the defendant to shew it in an action on the bond. The proper mode was by motion; and if the defendant deferred that for ten years, he has no cause to complain.

*Rawle* for the defendant answered that neither the principle nor the authorities applied to the case. In *Middleton* v. *Hill*, and in *Bush* v. *Gower*, the plea was the statute of usury. It went to the original contract, which might have been shewn upon the action, and therefore the only way of getting at it, was by a motion to vacate the judgment, as in *Cooke* v. *Jones*. But the object of the evidence here, was to shew an equitable defence, arising out of facts which did not exist at the time the judgment was entered, and could not have been pleaded to the original action, even if action had been brought. Of course the rule of pleading is out of the question. The only point is, whether upon a *scire facias*, a defendant may not give in evidence facts arising since the judgment, to shew that the plaintiff is not entitled to execution. This is the first opportunity we have had, not because the judgment was confessed, but because the defence did not exist till since that time. Our motion to the court was delayed by the plaintiff, who suffered his judg-

(*a*) *Cowp.* 727.

ment to sleep eight years; and it being to their discretion, we were forced to submit; but we are not confined to that application, either by the rules of law, or the practice in *Pennsylvania*.

TILGHMAN C. J. delivered the opinion of the court.

The plaintiff in error, who was plaintiff in the court below, brings this case before the court on a bill of exceptions.

The plaintiff's objection to the admission of the evidence is founded on this principle, that nothing can be pleaded to a *scire facias* in bar of execution, which might have been pleaded to the original action. The principle is undoubtedly true; but how does it bear upon the case before us? The original judgment was regularly entered; nor had the defendant any thing to say in bar, if the plaintiff had brought suit on the obligation in the usual manner, instead of entering judgment by confession, by virtue of the warrant of attorney annexed to it. The cases cited by the plaintiff's counsel, differ from this in one material circumstance. In those cases, the matter relied on by the defendant would have been a bar to the action, at the time the judgment was entered. In this case, the defendant had no plea of which he could avail himself, till near seven years after the entry of the judgment. Why then, when he is called on to say whether he has any thing to allege against issuing execution, may he not shew, that in consequence of something which has taken place *since the judgment*, the plaintiff's right to an execution no longer exists? It is to be remarked, that an equitable defence may in this state be pleaded in a court of law, which is not the case in *England*. I very much doubt, whether *there* the defendant could have had any relief in a court of common law. But certainly, if he had filed his bill in equity, and made good the matters alleged by him in this bill of exceptions, he would have been relieved from the judgment. Upon this ground, therefore, it appears to me that he may plead these equitable matters to a *scire facias* on the judgment. It has been objected, that his proper remedy was by motion to the court below, to open the judgment; but supposing that he might have had that remedy, it does not follow that he may not avail himself of the same defence on a plea to the *scire facias*. And this latter mode ought not to be discouraged by this Court; because the parties labour under a very great difficulty in applications to the court

1808.

HARTZELL
v.
REISS.

below, by motion. Those motions being an appeal to the *discretion* of the court, I do not know that the decision can be questioned on a writ of error.

Upon the whole, I am of opinion that the evidence was properly admitted in the court below, because it tended to prove matters in bar of the plaintiff's execution, which had arisen after the judgment.

Judgment affirmed.