# Bell *against* Bell.

The statute of Westm. 2, which gives a bill of exceptions to " any one impleaded before the judges," does not extend to an inquiry of damages executed at the bar of the court.

ERROR to the common pleas of *Indiana* county.

This writ brought up with the record an inquisition of damages taken at the bar; on the execution of which, bills of exceptions were taken to evidence, and the charge of the court; and these were the grounds of the assignment of errors. At the breaking of the case, the court expressed a doubt whether the statute embraced a proceeding of the kind; and suspending the argument in the meantime, desired that search might be made for precedents. The cause being called at a subsequent day, the counsel agreed that no precedent for it could be found.

The CHIEF JUSTICE remarked that the want of a precedent was a convincing proof that the statute had been restrained in practice to the letter which embraces no more than a proceeding in which the party is "*impleaded:*" in other words, the trial of an issue of fact. The execution of a writ of inquiry at bar, wears the garb of such a trial; but it is still no more than a proceeding by an inquest, in which, by legal intendment, the sheriff sits as judge. In Bruce *v.* Rawlins, 3 *Wils.* 61, Chief Justice Wilmot declared the writ to

[Bell v. Bell.]

be an inquest of office to inform the conscience of the judges who might, if they pleased, assess the damages themselves; and it is for that reason, a practice has grown up in actions on bills and notes to refer the amount to the prothonotary or master. In the exercise of this discretion in other cases, they give leave on cause shown, to have the writ executed at *Nisi Prius*, where the judge sits but as the sheriff's assistant; and that the execution of it is not a trial by jury, is shown by the precedent in the case of the Duke of York *v.* Titus Oates, 3 *State Trials* 987, in which fifteen were sworn of the inquest, and the sheriffs of Middlesex sat in court, covered, at a table below the judges. Such is the nature of the proceeding in England; and it is plain that is not within the statute there. The difference here is, that what is discretionary in the English practice, is matter of right in ours. By the twenty-seventh section of our act of 1722, an order in the nature of a writ of inquiry is substituted for the writ itself, pursuant to which, the inquest is taken from the panel of jurors on attendance, instead of being composed of persons selected by the sheriff; but when constituted, it finds not a verdict recorded in the usual way, but an inquisition signed and sealed, on which judgment is given as if it were returned attached to a writ by the sheriff. Now the object of this is declared to be, not to bring the parties within range of the correctional process of the Supreme Court, but " to prevent the excessive charges that had arisen upon execution of such writs of inquiry of damages." There is nothing, therefore, in the act of 1722, to give a party a bill of exceptions in such a proceeding; nor is there any reason why it should be had. Where the writ has been executed before the sheriff, the correctional power is confined to the court from which it issued; and if there had been a design to subject its judgment to revision, it would doubtless have been expressed. Yet there may be instances of injury from misdirection, or from the erroneous admission or rejection of evidence; but it is the province of the legislature, not of the judiciary, to provide for them. It cannot be said that the writ issued improvidently in this instance, for it was competent to remove the record, and we, therefore, do not quash it, but we cannot take cognizance of the assignment of errors.

Judgment affirmed.

*H. D. Foster*, for plaintiff in error.
*Banks*, for defendant in error.