# Spring Run Coal Company *versus* Tosier.

1. In an action of trespass to recover treble damages, under the Act of March 29th 1824, for cutting and converting standing timber, the plaintiff obtained judgment for want of an appearance, but before damages were assessed by inquisition, the defendant was adjudicated a bankrupt. On a scire facias to revive the judgment the defendant in his affidavit of defence set up his discharge in bankruptcy as a defence. *Held*, that the plaintiff's claim for damages under the statute was a provable debt under the Bankrupt Act, and that therefore the affidavit set up a valid defence.

2. Nassau *v.* Parker, 1 Clark 298, explained.

February 13th, 1883.     Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett and Green, JJ. Clark J., absent.

Error to the Court of Common Pleas of *Elk county :* Of January Term, 1883, No. 216.

Scire facias, issued September 12th 1881, by the Spring Run Coal company, against Thomas Tosier, to revive and continue the lien of a certain judgment obtained by said plaintiff against said defendant, to January Term, 1869, No. 16.

The record showed, inter alia, the following facts :—The original action was trespass vi et armis, brought November 28th 1868, by the said plaintiff, against the said defendant, to

[Spring Run Coal Co. *v.* Tosier.]

recover, under the act of March 29th 1824, treble damages for cutting, carrying away and converting certain timber from the plaintiff's land, without their consent. On September 20th 1876, judgment was entered against the defendant for want of an appearance and plea. A rule to open the judgment was made absolute upon condition of the defendant paying all costs accrued, and fifty dollars to the plaintiff's attorney, but these conditions did not appear to have been complied with and the judgment stood. Several writs of inquiry of damages were issued and stayed, and finally, on May 23rd 1883, upon a third pluries writ of inquiry, an inquisition was held, and damages assessed at $11,714.47 and costs $250.

To the scire facias to revive the judgment, the defendant filed the following affidavit of defence:—"That on April 30th 1878, your petitioner filed his petition in bankruptcy to No. 3499, in the District Court of the United States in and for the Western district of Pennsylvania, and was adjudged a bankrupt under the Revised Statutes of the United States, Title "Bankruptcy," and having conformed to all the requirements of law in that behalf it was, on the 9th of May, A. D. 1879, ordered by the said court that "the said Thomas Tosier be forever discharged from all debts and claims, which by said title are made provable against his estate and which existed on the 30th day of April, A. D. 1878, on which day the said petition was filed by him; excepting such debts, if any, as are by law excepted from the operation of a discharge in bankruptcy. That a certificate of said bankrupt's, defendants's, discharge was issued by the said court at No. 3499 in bankruptcy on May 9th 1879. That the deponent is informed and believes that the judgment herein before mentioned, No. 16, Jan. T., 1869, was a debt provable and was not exempt from the operation of said discharge in bankruptcy, all of which he expects to prove on the trial of this cause."

The plaintiff took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which rule, the court, after argument, discharged. Exception. The plaintiff took this writ of error, assigning for error the order discharging said rule.

*John G. Hall* and *C. H. McCauley,* for plaintiffs in error.— The single question raised here is whether an action in tort for damages to real estate by cutting and conversion of standing timber becomes a provable debt in bankruptcy by reason of an interlocutory judgment for default of appearance and plea before the damages are liquidated? Under the 19th section of the Bankrupt law of 1867, the following claims are provable: (1) Debts due and payable by the bankrupt at the time of adju-

dication, (2) All debts then existing but not payable until a future day, (3) All demands against the bankrupt for or on account of any goods and chattels wrongfully taken or converted. It is also provided in the same section :—

"If any bankrupt shall be liable for unliquidated damages arising out of any contract or promise, or on account of any goods or chattels wrongfully taken, converted or withheld, the court may cause such damages to be assessed in such mode as it may deem best, and the sum so assessed may be proved against the estate. No debt other than those above specified shall be proved or allowed against the estate."

This claim is not provable because not within the classes enumerated above, damages for torts to real estate and unliquidated damages being excluded. The damages could not have been made certain on the interlocutory judgment, because at that time the amount of timber cut and converted and its value could only be determined by a jury. Such damages are not provable unless liquidated : In re Hennocksburgh & Block, 7 N. B. R. 39 ; Howland *v.* Carson, 16 Id. 374 ; Nassau *v.* Parker, 1 Clark 298. The cases cited on the other side are inapplicable, for there the judgment was definite, but in this case the judgment is interlocutory, inchoate. The damages were assessed under the writ of inquiry, and final judgment was entered thereon in 1881, long after the defendant's discharge. The matters in the affidavit of defence should have been urged by the defendant against the assessment of damages, and the entry of the final judgment in the original action. In this case the defence is confined to matters occurring since the rendition of the judgment. In no case can the merits of the original judgment be inquired into by the defendant on a sci. fa. upon that judgment so as to enable him to set up a defence which he might have used in the original suit : Cordesa *v.* Humes, 5 S. & R. 65 ; Davidson *v.* Thornton, 7 Barr 131.

*W. W. Ames* and *Samuel Linn,* for defendant in error.— When the defendant was adjudged a bankrupt, the plaintiff's claim ceased to be a tort and was in the form of an unliquidated judgment. and therefore was a contract of record within the Bankrupt Law of 1867, sec. 19. The original action was brought under act of March 29th 1824, sec. 3, which provides a remedy for cutting and conversion of timber either in trespass or trover. A judgment in trover is provable under section 19 of Bankrupt Law. Under the statute the damages for cutting and converting are three times the market value of the timber taken. The value and amount taken is a certain basis for calculating damages, for *id certum est quod certum reddi potest.* A judgment which must be liquidated or paid in money is to

all intents a debt of specialty : Stone *v.* Boston & Maine R. R., 7 Gray 539 ; In re Siddle, 20 N. R. R. 221. The judgment by default in this case became a. judgment quod recuperet, and not an interlocutory judgment. By operation of law the discharge in bankruptcy paid the judgment, and could be interposed as a defence to the revival thereof or execution thereon : Boyd *v.* Vanderkempt, 1 Barb. Ch. 273 ; In re Clough, 2 N. B. R. 151 ; Blumensteil on Bankruptcy 270.

Mr. Justice TRUNKEY delivered the opinion of the court, April 16th 1883.

This action was brought against the defendant for the cutting and conversion of standing timber, to ˙recover " treble the value thereof," under the Act of March 29th 1824, P. L. 152. On September 20th 1876, judgment was entered in default of an appearance and plea. The damages were liquidated under a writ of inquiry, and final judgment entered on May 23d 1881.

For present purposes it must be taken as admitted, that on April 30th 1878, the defendant was adjudicated a bankrupt, and that he obtained his discharge on May 9th 1879. The sole question is, whether the plaintiff's demand was a provable debt in bankruptcy at the time the defendant was adjudicated a bankrupt.

The interlocutory judgment established the right of the plaintiff ; but the quantum of damages sustained by him was not then ascertained. A judgment by default in an action for a specific thing, as in debt for a sum certain, is absolutely complete. But where damages are to be recovered, because the court know not what damages the plaintiff has suffered, a jury must be called to assess them. The process is called a writ of inquiry, and prior to the Act of May 22d 1722, in the execution thereof, the sheriff sat as a judge, and tried by a jury what damages the plaintiff had sustained, and when the verdict was given, the sheriff returned the inquisition, and judgment was entered for the exact sum of the damages so assessed. The writ has been characterized as an inquest of office to inform the conscience of the judges, who might, if they pleased, assess the damages themselves. Under the Act of 1722, upon the plaintiff's motion, the court shall make an order in the nature of a writ of inquiry, which inquiry shall be made and evidence given in open court, " and after the inquest consider thereof, they shall forthwith return their inquisition, under their hands and seals ; whereupon the court may proceed to judgment, as upon inquisition of that kind returned by the sheriff." That mode of inquiry is now a matter of right, but is not subject to review in the appellate court : Bell *v.* Bell, 9 Watts 48. The inquiry determines the amount of damages, when in open court, with precisely the same result as a sheriff's inquisition.

[Spring Run Coal Co. *v.* Tosier.]

Although the judgment by default may be incomplete for purposes of lien and execution, it is complete in determining the plaintiff's right of recovery. It is a bar to another action between the same parties for the same cause. The only process or order to which the plaintiff is entitled is one for ascertainment of his damages—the jury are bound to find some damages—and the defendant has no right to be heard, except as to the amount, for the judgment is conclusively binding until vacated or reversed. The cause of action, having been established by the judgment, is merged in it, and cannot again become the basis of a suit between the parties. If an action would not lie on the judgment until after its liquidation, the plaintiff's hands are tied until the liquidation. The fact that execution cannot be had, or an action be commenced, until the damages are assessed, does not change the character of the judgment.

The judgment is a debt in the nature of a contract, though the cause of action upon which it was founded may have arisen from a tort. In order to give a just effect to a judgment, sometimes it is proper to look behind it to see upon what it was founded, as when it becomes necessary for the court to determine whether the defendant is entitled to exemption of property from levy and sale in execution, or whether the plaintiff may sue out a capias ad satisfaciendum. So, in that way, when a defendant claims he is discharged under the Bankrupt Law, it may be ascertained whether the debt upon which the judgment was founded, was created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character.

We think it clear that the plaintiff's claim for damages, under the statute, became a provable debt under the Bankrupt Act, by reason of the interlocutory judgment. The statute fixed the exact measure of the damages, three times the value of the timber, which is as certain as the damages in an action of assumpsit for timber sold and delivered, without express agreement as to the price. And had the measure been uncertain, the law provided for liquidation. Whether there is any difference in the effect of such judgment in trespass under the statute, and in trespass, or case, where there is no certain rule for measurement of damages, is not a point in this case.

At argument reference was made to Nassau *v.* Parker, 1 Clark 298. A verdict has not the legal effect of a judgment. Where verdict was obtained before adjudication in bankruptcy, and judgment afterwards, the case is that of a pending suit at the time of adjudication subsequently determined.

Writ of error dismissed, at the costs of the plaintiff, without prejudice to the plaintiff's right to a trial by jury.