## M. Y. Belber *v.* M. Belber.   Appeal of Mayer Alsberg et al.

*Execution—Standing of judgment creditor to contest prior execution.*

A judgment creditor whose execution has been issued on a transcript from the judgment of a magistrate, has no standing to resist the right of a prior execution creditor to take the fund out of court when an appeal has been regularly taken in due time from the judgment of the magistrate.

*Judgment—Transcript filed pending time of appeal—Practice, C. P.*

An appeal from the judgment of a magistrate regularly taken, ipso facto, destroys a judgment obtained by filing a transcript in the common pleas. A plaintiff cannot prevent this result, by hurriedly taking a transcript to the prothonotary's office, provided the defendant, within the time allowed by law, take and enter his appeal.

Argued Oct. 21, 1897.   Appeal, No. 3, Oct. T., 1897, by Mayer Alsberg, from decree of C. P. No. 3, Phila. Co., Sept. T., 1896, No. 747, discharging rule to show cause why the sheriff should not pay the funds into court and for an issue.   Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, and PORTER, JJ.   Affirmed.

Rule to pay the fund arising from the sheriff's sale on sundry executions into court, and for an issue to determine the material facts in dispute relating to the distribution of said fund.

The facts sufficiently appear in the opinion of the court.

The court below discharged the rule.   Junior execution creditors appealed.

*Error assigned* was in discharging the rule for the payment of the fund arising from the sheriff's sale into court, and in refusing to frame issues to determine the material facts in dispute relating to the distribution of the fund.

*Charles Hoffman,* for appellants.—Upon the affidavit of a subsequent lien creditor that prior judgments are without consideration and for the purpose of hindering, delaying and defrauding creditors, the court, under the Acts of June 16, 1836, P. L. 755, and April 20, 1846, has no discretion but to award an appeal: Schwartz's Appeal, 21 W. N. C. 246.

*John Monaghan,* with him *David Phillips,* for appellee.—A transcript of the judgment of a justice of the peace filed in the common pleas, creates no lien upon the defendant's real estate, if an appeal be entered before the justice within the time limited by law: Hastings v. Lolough, 7 Watts, 540 ; Rubinsky v. Patrick, 2 Dist. Rep. 695.

OPINION BY WICKHAM, J., January 18, 1898 :

The appellants obtained judgment before a magistrate against Mary Belber, on November 16, 1896, and three days later filed a transcript thereof in the court of common pleas No. 4, of Philadelphia county, having first issued an execution in the magistrate's court, to which there was a return of nulla bona.

The Act of June 24, 1885, P. L. 160, provides, " That in all cases where a judgment has been obtained before a justice of the peace, city recorder, magistrate or alderman, of this commonwealth, and no appeal or certiorari has been taken to said judgment, and a transcript of said judgment has been filed in the office of the prothonotary of the county where said judgment is obtained, such judgment shall thereafter be and have all the force and effect of a judgment originally obtained in the court of common pleas of said county." On the day the transcript was filed a fieri facias issued on the judgment thereby created, and a levy was made on personal property of the defendant, subject to the lien of a prior fieri facias for $812.35, issued from common pleas No. 3, in favor of M. Y. Belber. The sheriff, a day later, sold this property on both writs and another issued contemporaneously with that of the appellants in favor of a third creditor, realizing $440. The appellants, before the return day of any of the writs, presented a petition in common pleas No. 3, alleging inter alia, that the judgment in favor of M. Y. Belber was given without consideration, to hinder, delay, and defraud the petitioners and other creditors of M. Belber, and praying that the proceeds of sale should be ordered into court and an issue granted. On this petition the court granted a rule on the sheriff and M. Y. Belber to show cause.

An appeal, from the judgment of the magistrate in favor of the appellants, was taken by the defendant, M. Belber, on November 27, 1896, and filed the same day in common pleas No. 1. On November 28, 1896, the rule to show cause issued in com-

mon pleas No. 3, was discharged. On December 3, 1896, the defendant took a rule, in common pleas No. 4, to strike off the appellants' judgment entered on the transcript, which rule, after hearing, was discharged, for what reasons we know not, nor need we here inquire.

It will hardly be seriously contended that the taking and filing the appeal did not ipso facto annul the judgment. The proceedings on the appeal are de novo: Hastings v. Lolough, 7 W. 540; Felton v. Weyman, 10 Pa. 70. A plaintiff cannot prevent this result by hurriedly taking a transcript to the prothonotary's office, provided the defendant, within the time allowed him by law, take and enter his appeal.

If, by record evidence, the plaintiff in the first execution against Mary Belber was able to show that the appellants' judgment had ceased to exist, and this it seems was done, the appellants had no right to an issue, for they had lost their standing to claim, as against the first execution creditor, any part of the fund which was still in the grasp of the law. As Justice SHARS-WOOD says, in Sheetz v. Hanbest's Executors, 81 Pa. 100, an execution creditor engaged in a contest regarding the distribution of the proceeds of a sheriff's sale may displace another creditor's lien by establishing "any matter of defense, arising subsequent to the judgment, which the defendant himself could do in an action of debt or scire facias upon it." A scire facias to revive may be defeated by proof of a collateral agreement that on the occurring of a certain event, to take place after the entry of the judgment and which has so taken place, the judgment shall have no farther efficacy: Hartzell v. Reiss, 1 Binn. 289; Bown v. Morange, 108 Pa. 69; or a discharge in bankruptcy, where the judgment was a provable debt, at the time of the adjudication, may be shown with like effect: Spring Run Coal Co. v. Tosier, 102 Pa. 342. So also release, accord and satisfaction, or payment may be successfully set up.

In the present case the appellants' judgment died on November 27, 1896, and their right to take out of court any part of the proceeds, realized from the sale of the defendant's goods, could be legally denied by any other creditor having a lien on the fund, the latter being insufficient to pay all the claims.

Decisions to the effect that property, sold on execution under a voidable judgment, or on a judgment appealed from, cannot

be reclaimed from the purchaser, rest on a well known principle not applicable here. Patterson v. Peironnet, 7 W. 337, cited for appellants, when analyzed, does not conflict with the views on which we decide the case in hand. All that was actually decided there was that the buyer of goods regularly sold on execution by the constable before appeal taken, was entitled to retain them. No question as to the disposition of the proceeds of sale between parties claiming as lien creditors arose or was considered. The case also differs from the present one in other respects.

We are of the opinion that had an issue been granted, M. Y. Belber might have successfully resisted the appellants' attempt to take any part of the fund out of court, hence there was no error in refusing the petition.

The order discharging the rule to show cause is affirmed, and appellant directed to pay the costs.