## Miller v. Jackson, Appellant.

*Practice, C. P.—Writ of inquiry—Sheriff.*

1. The practice of directing a writ of inquiry to the sheriff for the purpose of having damages assessed by a jury to be summoned by him, was not abrogated by the Act of May 22, 1722, sec. 27, 1 Sm. L. 131.

2. Where a deputy sheriff summons a jury under a writ of inquiry, the sheriff may for a good reason revoke the appointment and choose another jury; and it is no reason for setting aside the verdict of such jury because some of the jurors were selected from among the clerks and employees of the courthouse; and this is especially so where the defendant makes no objection to the jury until after he has had a hearing before them, and a verdict has been reached.

3. A defendant cannot appeal from a verdict of a jury of inquiry to the court of common pleas.

*Appeals—Costs—Paper-books—Printing paper-books.*

4. The Act of April 15, 1907, P. L. 83, imposing the cost of the printing of paper-books upon a losing party, relates only to such cases as arose after its passage. It does not apply to pending cases which are determined after the passage of the act.

Argued Nov. 12, 1908. Appeal, No. 12, Oct. T., 1908, by defendant, from orders of C. P. Lancaster Co., Dec. T., 1905, No. 37, discharging certain rules and exceptions and sustaining an appeal from taxation of costs in case of John B. Miller, assignee for creditors of William P. Chubbs and wife, v. Joseph Jackson. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to show cause why writ of inquiry, etc., should not be set aside.

Rule to show cause why an appeal from the verdict of the jury of inquiry should not be allowed.

Exceptions to inquisition.

Appeal from taxation of costs.

LANDIS, P. J., filed the following opinion:

Judgment having been entered against the defendant in an action of replevin for want of a sufficient affidavit of defense, a writ of inquiry was issued, to ascertain the value of the goods. A jury, summoned by the sheriff, having met and duly considered the case, found their value to be $332.50. The defendant now contends that the writ of inquiry was improvidently issued, and that the sheriff improperly performed his duty. These objections are the basis of the first and third rules:

The replevin Act of April 19, 1901, P. L. 88, sec. 5, provides that ". . . . in the event of judgment being rendered in favor of the plaintiff for a portion of such goods and chattels replevied, he may proceed to recover such goods and chattels by writ of retorno habendo, or the value thereof, after assessment of damages on a writ of inquiry of damages issued. . . ." Therefore, as we find in the act an express authority to thus assess the damages, the only other question that arises is, whether the inquiry was conducted under proper forms.

Section 6 of rule XV of the rules of this court, page 33, directs that : "The Prothonotary shall ascertain the damages in all cases of judgment by default, where the suit is brought on a promissory note, bill of exchange or book account. He shall also ascertain the damages in all other cases founded on contract, and sounding in damages where the defendant does not object; but if the defendant object in these last mentioned cases, or if the action be founded on a tort, the damages shall be ascertained by a jury of inquiry. Notice shall always be given at least four days before the execution of a writ of inquiry of damages." This rule is a verbatim copy of the rule of the old court of common pleas of Philadelphia. See 1 Brewster's Practice, sec. 690. Under it, notice was given on November 1, 1907, to defendant's counsel that a writ of inquiry would issue on November 5, 1907. On November 5,

1907, a præcipe was filed, directing such a writ to issue, and this was done. The sheriff, in pursuance thereof, summoned a jury of inquest, and this jury ascertained the damages as above stated. The defendant now claims that the proceedings, under the rule of court, were irregular, and that the Act of May 22, 1722, sec. 27, 1 Sm. L. 131, applied. This act provides that, "The justices who give any interlocutory judgment shall, at the motion of the plaintiff or his attorney in the action where such judgment is given, make an order in the nature of a writ of inquiry, to charge the jury attending at the same or next court after such judgment is given to inquire of the damages and costs sustained by the plaintiff in such action, which inquiry shall be made and evidence given in open court, and after the inquest consider thereof, they shall forthwith return their inquisition under their hands and seals, whereupon the court may proceed to judgment as upon inquisitions of that kind returned by the Sheriff." In Wright v. Crane, 13 S. & R. 447, it was decided that the act of 1722 was not obsolete. See, also, Tuttle v. Mechanics' & Tradesmen's Loan Co., 6 Whart. 216. But in Kohler v. Luckenbaugh, 84 Pa. 258, the Supreme Court held that, "The practice of directing the writ of inquiry to the sheriff for the purpose of having damages assessed by a jury to be summoned by him is orderly and regular, notwithstanding the act of 1722;" that "that Act but gives the plaintiff the power, if he so chooses, to have the court make an order for such assessment, but it does not abrogate the ordinary practice." Mr. Justice GORDON, in delivering the opinion, said: "Indeed, the only doubt which seems ever to have occurred on this subject was whether the Act above recited was not obsolete." In Bradley v. Potts, 2 Pa. Dist. Rep. 797, ARNOLD, J., held that, "If liability is admitted, but the amount of damages is unliquidated, a writ of inquiry may be issued, or the damages may be assessed by a jury in court under the Act of May 22, 1722." It is, therefore, settled that the method of relief here pursued by the plaintiff was in accordance with the law. The practice upon this subject is fully set out in chap. XIV, Brightly's Troubat & Haly's Practice, p. 247, and 1 Brewster's Practice, chap. XV, p. 379, etc.

It seems that, about an hour before the jury of inquest met, counsel for defendant applied to one of the judges of the court to set aside the writ and stay all proceedings. This application was refused, though a rule to show cause without stay was granted. Amongst other things, it was alleged that the sheriff had first selected a jury from persons residing in Little Britain township, where the defendant lived, and afterwards had revoked the appointment and chosen another jury. The deposition taken showed that, while the sheriff was absent at a fire insurance meeting, his deputy, without his orders, had selected a jury of inquisition from the neighborhood in Little Britain township; but, when the sheriff learned of this, he wrote to these parties that they were excused. The reason given by him was, that counsel for plaintiff informed him he wanted to try this case at the courthouse in Lancaster. The sheriff then saw defendant's attorney, and service of the writ was accepted by him. Afterwards, defendant and his counsel appeared before the jury and made a defense. The sheriff had no interest in this controversy. If his deputy, without his knowledge, attempted to summon a jury in the case, he had a right to correct the mistake and proceed with his writ. There is no evidence that any of the members of the jury were guilty of improper conduct. Even though many of them were selected from among the clerks and employees of the courthouse, that of itself is no reason for the setting aside of the verdict. No objection was made to the personnel of the jury before the hearing, and the defendant, after having taken his chances, is too late to complain. His appearance also waived all informality, if there was any, occurring prior to that time.

It was shown that some irrelevant testimony on the part of the plaintiff was offered and admitted before the jury. Had nothing else been there produced, and had the finding been based entirely upon this testimony, we might sustain the objection raised. This, however, was not the real situation. Other competent witnesses to value were called and testified on both sides. In Leib v. Bolton, 1 Dal. 82, two jurors deposed that Leib's book, supported by his own oath, had been admitted as evidence of the delivery of a quantity of leather.

A motion was made to set aside the return of the jury on this account. The court, however, discharged the rule, saying: "We will not set aside the verdicts of juries of inquiry, nor the reports of referees, upon frivolous grounds. Nor will we examine into the effect of any particular piece of evidence upon the minds of the jury; for unless it appears that there was no proper evidence before them, we must presume that they had sufficient grounds for their inquest."

The objection to the valuation of the goods is a matter beyond our province. The sole purpose of the jury is to ascertain the value. This is the only question that can arise before them, and for this purpose they were appointed. There should be no interference with their finding, except in cases of gross misconduct or oppression; and certainly no evidence appeared in this case that would impel us to set aside the verdict on this account.

The next question, covered by the third rule, is, whether the defendant can appeal from the verdict of the jury of inquiry to the court of common pleas. I have no knowledge of any such question ever having been raised. No authority has been cited and I have found none. I do not think any appeal can be allowed. The case, so far as the common pleas is concerned, ends with the judgment. The amount, not having been ascertained by the court, is referred to by the jury of inquest for a finding, and the decision thus ascertained is final. The verdict has the same effect as a verdict of a jury in court, and can in the same manner be enforced.

The last item to consider is the exception filed by the plaintiff to the defendant's bill of costs. The Act of April 15, 1907, P. L. 83, declares, "That, in all cases, either in law or equity, wherein an appeal is taken from any judgment, decree, or order to the Supreme or Superior Court, the party in whose favor the final decision is rendered shall be entitled to charge and collect from the losing party as part of the costs such amount as shall have been expended for printing paper-books upon said appeal. Said amount to be taxed and collected in the same manner as costs are now taxed and collected by law." Judgment was entered in this case in 1906. An appeal was

482        MILLER *v.* JACKSON, Appellant.

Opinion of Court below—Opinion of the Court. [38 Pa. Superior Ct.

taken to the Superior Court, and it was heard by that court in November, 1906. On October 7, 1907, the opinion of the court was delivered, whereby the judgment, except as to a bay horse, was affirmed, and, as to the horse, reversed with a procedendo, the costs of the appeal to be paid by the appellee. The cost of the paper-book is now claimed by the defendant and was taxed in his bill of costs. I am of opinion that the act of assembly related only to such cases as arose after its passage. At the time the paper-book was printed and the argument was made in the Superior Court, no such liability attached. If the case had been decided any time before April 15, 1907, there would have been no pretense for such a claim. Because, then, the Superior Court, in its proper deliberations, was obliged to delay the decision until after the passage of the act, would seem to me no reason for the introduction of a different rule. The charge is, therefore, disallowed, the appeal is sustained, and the bill is referred back to the prothonotary for retaxation in accordance with this opinion.

The rules granted are, therefore, discharged, the exceptions to the inquisition are overruled, and the appeal from the taxation of costs sustained as above stated.

*Error assigned* was the order of the court.

*B. F. Davis*, for appellant.—The act of May 22, 1722, is still in force: Wright v. Crane, 13 S. & R. 447; Ridgley v. Dobson, 3 W. & S. 118; McHenry v. Union Pass. Ry. Co., 14 W. N. C. 404; Tuttle v. Loan Co., 6 Whart. 216; Beltzhoover Boro. v. Gollings, 101 Pa. 293; White v. McKeesport Boro., 101 Pa. 394.

An appeal should be allowed in a case like this: Watkins v. Phillips, 2 Whart. 209.

*Edwin M. Gilbert*, for appellee.

Per Curiam, February 26, 1909:

We are of opinion that all of the questions arising upon this appeal were correctly decided by the learned judge below. All that we feel called upon to add to the clear and satisfactory

opinion filed by him is a brief discussion of the case of Spring Run Coal Co. v. Tosier, 102 Pa. 342, upon which counsel for appellant principally relies to sustain his contention that the common-law practice of directing the writ of inquiry to the sheriff for the purpose of having damages assessed by a jury to be summoned by him was abrogated by the Act of May 22, 1722. Sm L. 131. A careful examination of that case has convinced us that such conclusion cannot be extracted from it. In the consideration of the direct question involved Justice TRUNKEY had occasion to discuss the mode of assessing damages after judgment by default in a case where a writ of inquiry, or proceeding in the nature thereof, is necessary. The conclusions expressed in his opinion are that in such a case (1) the mode of inquiry prescribed by the statute, is, if demanded by the plaintiff a matter of right; (2) that "the inquiry determines the amount of damages, when in open court, with precisely the same result as a sheriff's inquisition." But this was far from deciding that the plaintiff is bound to proceed in the statutory mode. Neither the decision nor the opinion is at all inconsistent with the previous ruling of the Supreme Court in Kohler v. Luckenbaugh, 84 Pa. 258, where it was distinctly declared that the mode pursued in the present case is orderly and regular, notwithstanding the act of 1722.

The order is affirmed at the costs of the appellant.