# Commonwealth *v.* Layton, Appellant.

*Appeals—Certiorari—Summary conviction—Posting land—Act of April 14, 1905, P. L. 169.*

1. An appeal from a judgment of the quarter sessions on an appeal to it from a summary conviction by a justice of the peace under the Act of April 14, 1905, P. L. 169, relating to the posting of land, is, in effect, but a certiorari and brings up for review nothing but what appears upon the record, without a bill of exceptions.

2. Where a new jurisdiction is created by statute, and the court or judge exercising it proceeds in a summary method, or in a new course different from the common law, a writ of error does not lie, but a certiorari.

Argued Dec. 5, 1910. Appeal, No. 282, Oct. T., 1909,

by defendant, .from judgment of Q. S. Monroe Co., May Term, 1909, affirming summary conviction in case of Commonwealth v. Edward Layton. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeal from summary conviction by justice of the peace. Before STAPLES, P. J.

The opinion of the Superior Court states the case.

*Error assigned* among others was the judgment of the court.

*Rogers L. Burnett,* for appellant.

*A. Mitchell Palmer,* for appellee.

OPINION BY RICE, P. J., March 3, 1911:

This case came into the quarter sessions by appeal from a summary conviction by a justice of the peace under the Act of April 14, 1905, P. L. 169, making it unlawful to trespass upon land posted as private property, and providing the penalty therefor. After hearing and consideration of the evidence the court set forth at length its findings of fact and conclusions of law, and "in accordance therewith," as stated in the final order, adjudged and decreed that the defendant pay the sum of $1.00 for the use of the school fund of the district in which the alleged trespass was committed, together with costs. The defendant appealed to this court, and has presented for our consideration twenty-nine assignments of error, which are based on exceptions allowed by the court. Seventeen of the assignments are to the denial of requests for findings of fact and conclusions of law, four to specific findings of fact and conclusions of law, five to certain portions of the opinion, one to the judgment, one to the denial of the defendant's motion to dismiss the case at the conclusion of the commonwealth's testimony, and three to the rejection of certain offers of evidence.

The act of 1905 gives no right of appeal from a summary conviction by a justice of the peace to the quarter sessions, or from the judgment of that court to the Superior Court. The former rests on the provisions of sec. 14, art. V of the constitution, and the Act of April 17, 1876, P. L. 29; and the latter is involved in the revisory jurisdiction of the Supreme Court, which was extended to this court, in certain classes of cases, by the Act of June 24, 1895, P. L. 212, and its supplements. The modes of reviewing cases by writ of error, by appeal, and by writ of certiorari, which were in use prior to the Act of May 9, 1889, P. L. 158, still remain applicable in the same kinds of cases, within the same limits and with the same effect as before, the only difference being that they now are all called by the name "appeal:" Rand v. King, 134 Pa. 641. It therefore becomes necessary, at the outset, to determine whether the mode of reviewing the action of the quarter sessions in such a proceeding, prior to the act of 1889, was by writ of error or by certiorari, and, if by the latter, then to determine what constitutes the record to be reviewed. It was contended by the defendant in error in Com. v. Burkhart, 23 Pa. 521, that the judgment of the common pleas on certiorari to a summary conviction by a justice of the peace could not be reviewed in the Supreme Court, and, if it could, it must be done on certiorari. The Supreme Court decided against both contentions, and with regard to the latter said that because, though the proceeding before the justice of the peace was out of the course of the common law, yet the certiorari suit in the common pleas was in the course of the common law, it was properly reviewable on writ of error. This was a clear recognition of the general rule, that where a new jurisdiction is created by statute, and the court or judge exercising it proceeds in a summary method, or in a new course different from the common law, a writ of error does not lie, but a certiorari: Ruhlman v. Com., 5 Binn. 24. Accordingly, it was held, in the case last cited, that a writ of error did not lie from

the judgment of the quarter sessions upon an appeal
(the statute allowed an appeal to the quarter sessions)
by supervisors of roads from a summary conviction by a
justice of the peace; the proceeding in the quarter ses-
sions in such case not being according to the course of
the common law. In the present case the jurisdiction of
the quarter sessions was statutory in its origin. Neither
the constitutional provision nor the act of 1876, granting
and regulating the right of appeal from summary con-
victions by magistrates, gives the right to have the case
tried by a jury: Com. v. Waldman, 140 Pa. 89; Com. v.
Eichenberg, 140 Pa. 158. When such a case is brought
into the quarter sessions by appeal, the court proceeds
in a summary method, and not in the course of the com-
mon law. The statute 13 Edw. I, ch. 31, which gave a
bill of exceptions to "one that is impleaded before any of
the justices," though reported to be in force in Pennsyl-
vania, Robert's Dig. 92, has never been construed to ex-
tend to criminal cases or summary proceedings not ac-
cording to the course of the common law: Shortz v. Quig-
ley, 1 Binn. 222; Bell v. Bell, 9 Watts, 47; Penna. R. R.
Co. v. German Lutheran Congregation, 53 Pa. 445; Haines
v. Com., 99 Pa. 410. That statute "gives a bill of excep-
tions only in a trial according to the course of the com-
mon law, and there is no other mode of putting evidence
on a record:" Union Canal Co. v. Keiser, 19 Pa. 134.
In Middleton v. Com., 2 Watts, 285, it was declared that
though the judge had actually sealed the bill it was not
to be considered. GIBSON, C. J., said: "It is not pretended
that the judges were bound to seal these bills of exceptions;
but it is said, that as they have voluntarily done so, we
are bound to inspect the matter supposed to be thus put
on the record. But the statute sanctions nothing which
it does not enjoin; and as it has been held in Sir Harry
Vane's case, according to the report of it in 1 Levinz,
68, and Kelyng, 18, to be inapplicable to any criminal
matter whatever, the case before us stands precisely as
it would have stood before the statute." The same was

held in Com. v. Superintendent of Prison, 33 Pa. Superior Ct. 594; s. c., 220 Pa. 401. True the Act of May 19, 1874, P. L. 219, authorizes bills of exceptions in criminal cases. But a summary conviction does not belong to the class of criminal cases that were triable according to the course of the common law, in the quarter sessions, at the time of the passage of the act of 1874. Nor do they appear to be within the remedial intention of that act. The context shows that the legislature had in contemplation cases triable before a jury, and not summary proceedings such as this. See Barnes v. Com., 11 W. N. C. 375; Com. v. James, 142 Pa. 32; Com. v. Smith, 200 Pa. 363. Counsel cites Com. v. Burford, 38 Pa. Superior Ct. 201, as authority for the position that on appeal from a summary conviction the Superior Court will consider and be governed by the evidence adduced in the court below. We cannot agree with counsel in this position. There the parties entered into a written agreement as to the facts, in the nature of a case stated, which was filed in the court below, "and upon the facts thus brought upon the record the court adjudged the defendant guilty and affirmed the judgment of the justice." This brought the case, for purposes of review, within the ruling in Chase v. Miller, 41 Pa. 403, 415, where the court said: "Had the court possessed itself of the facts per testes, whether in the form of oral evidence or by depositions, we could not notice them, simply because there is no mode of certifying to us what the facts were, but, placing them upon the record by the concurrent consent of court, counsel and parties, and then basing the decree most distinctly and exclusively upon the facts so ascertained, it would be hypercriticism run mad to so construe the statutes under which we sit as to deny a citizen the right of review." It is thus seen that the case of Com. v. Burford is not authority for the proposition that the evidence, oral or otherwise, given on the hearing in the quarter sessions, is part of the record or can be brought upon the record by a bill of exceptions.

It follows from the foregoing review, that an appeal from a summary conviction by a justice of the peace is, in effect, but a certiorari, and brings up for review nothing but what appears upon the record, without a bill of exceptions. Thus viewing the record properly before us for review, we find no error. There was no irregularity in procedure, certainly none of which the defendant can complain; and the facts found by the court brought the case within the provisions of the act of 1905, and fully warranted the conviction.

All of the assignments of error are overruled, and the judgment is affirmed.