# Big Run Road.

*Appeals—Certiorari—Bill of exceptions—Road law—Vacation of road.*

1. An appeal in a proceeding to vacate a public road takes up for review only what was brought up by a certiorari before the passage of the Act of May 9, 1889, P. L. 158, namely, the record, of which the evidence forms no part.

2. The statute 13 Edw. I., ch. 31, which gave a bill of exceptions to "one that is impleaded before any of the justices," though reported to be enforced in Pennsylvania, has never been construed to extend to summary proceedings not according to the common law.

3. On an appeal in a road case rulings on the admission and rejection of testimony cannot be considered, although such rulings are supported by bills of exceptions.

*Road law—Vacation—Road in two counties.*

4. Where a road in one county joins at the county line a road in another county the road in the first county may be vacated by the court of quarter sessions of that county, unless it appears that the two roads had been laid out by the concurrent action of the two counties.

5. The appellate court cannot review the action of the court of quarter sessions, vacating a road to the county line so as to leave a road in an adjoining county, which had connected with the vacated road, running to a cul-de-sac.

6. Sec. 26 of the Act of June 13, 1836, P. L. 551, only refers to roads laid along a line which divides two adjoining counties and has no application to a road in one county connecting at the county line with a road in another county.

Argued March 1, 1911. Appeal, No. 2, Feb. T., 1911, by Pine Township, from order of Q. S. Tioga Co., May T., 1908, No. 8, dismissing exceptions to report of viewers in case of Vacation of Big Run Road. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Exceptions to report of viewers. Before CAMERON, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was in dismissing exceptions to report of viewers.

*W. H. Spencer,* with him *F. E. Watrous, H. F. Marsh* and *S. F. Channell,* for appellant.—As to matters of fact alleged in exceptions, aside from the question of the necessity of the road, evidence should be received: Rostraver Twp. Road, 21 Pa. Superior Ct. 195; Benton Twp. Road, 41 Pa. Superior Ct. 57.

In the case of roads wholly within the jurisdiction of the court, the termination of an unvacated part of a highway in a cul-de-sac is objectionable: Shaler Twp. Road, 5 Pa. Superior Ct. 270; West Goshen Roads, 7 Pa. C. C. Rep. 250.

In the case of a highway laid out along the line of two counties, the Act of 1836, P. L. 551, sec. 36, by express provision, requires the action of the courts of both counties to lay out, alter or vacate. The spirit of this provision clearly applies to a road running from one county into another: Conyngham Twp. Road, 1 Wilc. (Pa.) 245.

*A. B. Dunsmore,* with him *P. J. Edwards,* for appellee.

OPINION BY RICE, P. J., July 13, 1911:

The proceedings brought up for review had their origin in a petition to vacate a public road beginning at a designated point in Tioga county, "and ending at a point in said county of Tioga, on the line between Lycoming county, Pa., and Morris township, Tioga county, Pa., known in Tioga county as Big Run Road." The viewers reported that the road had become useless, inconvenient, and burdensome, and therefore ought to be vacated. Exceptions were filed, and in due season a petition for review was presented, which averred that the road in question is a portion of a public highway extending from Oregon Hill, in Pine township, Lycoming county, through a portion of that township, to Lloyds, in Tioga county; that the highway is one of the main thoroughfares from

the northern part of Lycoming county to the railway station at Lloyds, and is of prime necessity to the people residing in the northern part of Lycoming county; that there is no desire or disposition on the part of the inhabitants of Lycoming county to vacate the portion of the highway which lies in that county; and that, in the absence of such petition, the portion of the highway which lies in Morris township, Tioga county, should not be vacated. Upon this petition reviewers were appointed, who reported that the road viewed by them had become useless, inconvenient, and burdensome, and should be vacated and abandoned as a public road. To this report exceptions were filed on behalf of Pine township and residents and taxpayers of Pine and Morris townships, and, after hearing, the court overruled all the exceptions to both reports, and confirmed the report of the viewers. This appeal was taken by Pine township and other exceptants.

It is too well settled to require the citation of authorities, that a certiorari, issued on an appeal in such proceeding, brings up for review only what was brought up by certiorari before the passage of the Act of May 9, 1889, P. L. 158, namely, the record, of which the evidence forms no part. It is also to be observed that the statute 13 Edw. I, ch. 31, which gave a bill of exceptions to "one that is impleaded before any of the justices," though reported to be in force in Pennsylvania, has never been construed to extend to summary proceedings not according to the course of the common law: Shortz v. Quigley, 1 Binn. 222; Bell v. Bell, 9 Watts, 47; Penna. R. R. Co. v. Lutheran Congregation, 53 Pa. 445; Haines v. Com., 99 Pa. 410. That statute "gives a bill of exceptions only in a trial according to the course of the common law, and there is no other mode of putting evidence on the record:" Union Canal Co. v. Keiser, 19 Pa. 134. And in Middleton v. Com., 2 Watts, 285, it was declared that though the judge had voluntarily sealed a bill, yet as it was not enjoined by the statute the matter therein contained was not to be

considered. The same was held in Com. v. Superintendent of Prison, 33 Pa. Superior Ct. 594; s. c., 220 Pa. 401; and in the recent case of Com. v. Layton, 45 Pa. Superior Ct. 582. Kirk's Appeal, 28 Pa. 185, is a case directly in point, and, while deciding merely that, as no bill of exceptions is allowed in road cases, the appellate court cannot reverse for error in deciding upon the competency of witnesses, the reason applies as well to any other ruling upon the admission or rejection of testimony. It follows that, although the rulings referred to in the first three assignments of error are supported by bills of exceptions, these assignments must be dismissed.

The report of viewers states, and it is undisputed, that the road proposed to be vacated is entirely in Tioga county, and was laid out and opened by order of the court of quarter sessions of that county. It is also undisputed that there is a road in Lycoming county, which, with the road proposed to be vacated, makes a continuous highway. But there is nothing before us to show that this highway was laid out by the concurrent action of the courts of the two counties, or to show when or by what authority the road in Lycoming was opened. A question is raised as to the authority to vacate part of an "inter-county" road without the concurrent action of the courts of quarter sessions of both counties, and we are referred to sec. 26 of the act of 1836 as tending to sustain, in spirit, at least, a negative answer to the question. But that section relates only to roads laid along a line which divides two adjoining counties, and by no permissible liberality of construction can it be held to govern in the present case. Here, as has been seen, the appellation "inter-county", has nothing to rest on, except the fact that the road in Tioga county joins a road in Lycoming county. As the road proposed to be vacated was laid out by the independent action of the court of quarter sessions of Tioga county, we see no reason to doubt the authority of the same court, by appropriate proceeding, to vacate it, if it has become useless, inconvenient and burdensome. The authority

given by sec. 18 of the act of 1836 is to "vacate the whole or any part of any private or public road which may have been laid out by authority of law," etc.; and the jurisdiction for the exercise of this power is vested in the court of quarter sessions of the county wherein the road to be vacated is situated. The record does not present facts making the exercise of this power dependent upon the concurrent action of the court of quarter session of Lycoming county.

The propriety of vacating a part of a public road, where the result will be to leave the terminus of the unvacated part in a cul de sac or at a point which would not be a lawful terminus for a new road about to be laid out, has been questioned in several decisions of the courts of quarter sessions of the state, and some instances can be found in the reports where those courts have refused to vacate under such circumstances. But it is to be borne in mind that the jurisdiction of the appellate court is quite different from that of the quarter sessions in such cases. It is the exclusive province of the latter to pass on the merits, while the province of the former is confined to an examination of the record to ascertain whether the quarter sessions has kept within the limits of its jurisdiction and has proceeded with regularity according to law. So that, giving to the decisions of the quarter sessions cited in the appellant's brief the presumption of being correct under the facts and circumstances of the particular cases in which they were rendered, it by no means follows that they are binding precedents controlling every case where a part of a road is vacated. The question presented by this appeal, therefore, is not whether the court of quarter sessions, under the special circumstances of a particular case, may justifiably refuse to vacate part of a road because of the condition in which the unvacated part will be left, but whether it is beyond the power of that court, in any case, to vacate part when the terminus of the unvacated part will not be in another public highway or at a place of public resort. This question was authoritatively

determined in Stowell's Appeal, 1 W. N. C. 383. It appears, by the report of the case, that exceptions were filed to the report of viewers on the ground that the portion of the road left unvacated terminated in a cul-de-sac against a fence, with no outlet. The exceptions were overruled, and the report confirmed. On certiorari, it was argued, as it is here, that it is the settled rule of this state that a public road must begin and end in a public highway or a place of public resort, and that, as the road could not terminate where it did if newly opened, neither should that result be brought about by vacating a portion of it. This contention was not sustained, and the Supreme Court, in affirming the order of the quarter sessions, said: "In what shape or condition the part not vacated will remain after the vacation of the other part, is a question we cannot inquire into. This is a matter solely for the judgment of the court of quarter sessions, from which there is no appeal. We can conceive of many reasons why a road may be vacated to a particular line and no farther." This decision seems to be directly in point and to sustain the conclusion that the record does not show that the confirmation of the report of viewers in the present case involved error of law. This is all that we are required to decide.

All the assignments of error are overruled, and the order is affirmed.