## Commonwealth, Appellant, *v.* Janower.

*Fish law—Criminal law—Summary conviction—Appeals—Evidence—Record—Act of May 1, 1909, P. L. 353.*

On an appeal from a judgment of the court of quarter sessions reversing a summary conviction under the fish law of May 1, 1909, P. L. 353, the appellate court cannot consider the evidence taken in the court below, and if the court of quarter sessions kept within the limits of its jurisdiction and proceeded with regularity according to law, its judgment will be affirmed.

Argued Nov. 20, 1911.    Appeal, No. 72, Oct. T., 1911, by Commonwealth, from judgment of Q. S. Chester Co., reversing summary conviction in case of Commonwealth v. Edward Janower.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeal from summary conviction.

BUTLER, J., filed the following opinion:

The justice's transcript shows that the complaint, trial and judgment related exclusively to the taking of fish in an unlawful manner.

While the investigation here is de novo, it must be confined to the charge presented to and disposed of by the justice.    An essential ingredient of the offense charged is that the fish were taken by the defendants from "the waters of the commonwealth."

The fish were taken, as we find from the evidence, from a large puddle of water, barely sufficient at the time to keep them alive, being the slight remnant of water left in the mill race of defendants' father, after its connection with Hartman's run had been cut off, which puddle was a mere temporary, evanescent harbor for the fish, which could not have sustained them for any substantial length of time.

The race was cut off from the stream because freezing weather had set in, and in accordance with the uniform practice of the defendants' father to keep the race free of water during the winter.   In our opinion the puddle in the race did not constitute within the meaning of the act, "waters within this commonwealth."   The puddle and the fish in it were permanently separated, without fault or contrivance of the defendants, from what could justly be termed "waters."

The situation was the same as would be presented, if after a heavy freshet in a stream a few fish would be imprisoned in a bucketful of water in some little depression, in a bordering meadow.   Such casual, temporary, fugitive puddles may not properly be viewed as "waters," in any fair interpretation of a fish protective act.

Judgment is directed for the defendants.

*Error assigned* was the judgment of the court.

*Thomas W. Pierce,* with him *Robert S. Gawthrop,* for appellant.

*W. S. Harris,* for appellees.

Per Curiam, December 11, 1911:

This case was brought into the quarter sessions by appeal, duly allowed by the court, from a summary conviction of the defendants for a violation of the Act of May 1, 1909, P. L. 353.   The court, after regular hearing upon evidence, directed judgment for the defendants, and from that judgment the commonwealth took this appeal.   The single question for determination, say the counsel for the commonwealth, is whether the fish taken by the defendants were taken unlawfully from waters of the commonwealth.   But the proper determination of that question depends upon the facts established by the evidence adduced in the quarter sessions, and as the evidence is not part of the record which is brought up for

review, it is not the question upon which this appeal turns. The question is whether the court kept within the limits of its jurisdiction and proceeded with regularity according to law. And upon that question we see no room for difference of opinion. The court had jurisdiction, the proceedings were regular and the judgment was such as the court had power to enter if the evidence warranted. The subject of our revisory jurisdiction in such cases was fully considered and discussed in Com. v. Layton, 45 Pa. Superior Ct. 582, and we will not go over the ground again. Applying the principles enunciated in that and other cases, we find nothing in this record which would warrant a reversal of the judgment.

Judgment affirmed.